BYERS V. HARRIS ET AL.

1. **Promissory Note:** EXTENSION OF TIME: RELEASE OF SURETY. A promise made by the holder of a note to the principal maker, without any consideration to support it, to extend the time of payment for one year, is not a contract binding upon the holder, and will not operate to discharge a surety who does not consent to the extension of time.

2. **Consideration for Written Contract Presumed:** PRESUMPTION NOT CONCLUSIVE. A written contract is presumed to be founded upon a consideration, but the presumption may be rebutted by evidence.

3. **Practice:** RELIANCE ON DEFENSE NOT PLEADED: OBJECTION TOO LATE ON APPEAL. An objection that a defense relied on was not pleaded cannot be raised for the first time in this court.

*Appeal from Mills District Court.*

MONDAY, DECEMBER 15.

ACTION upon a promissory note, tried to the court without a jury, and judgment was rendered for plaintiff. Defendant appeals.

*Lewis & Young* and *Stone & Gilliland,* for appellants.

*Watkins, Williams & Wright,* for appellee.

BECK, CH. J.—I. The only defense pleaded to the action is that plaintiff entered into an agreement to extend the time of the payment of the note for one year, and two of the defendants, who are sureties upon the note, in a separate answer allege that the principal, after such extension, became insolvent. This defense is supported by certain letters which passed between the plaintiff and the principal in the note, wherein he asked plaintiff whether she would permit him "to keep the money longer." In reply, she informed him that she would permit the note to run another year. The letters show no proposition on the part of defendant to pay any consideration for extending the time of pay-

ment of the note, and plaintiff in her reply demands none. There is no evidence of any consideration of any character paid by defendant, and plaintiff testified positively that there was none. Her evidence is not contradicted.

II. As there was no consideration for the extension of the time of payment of the note, plaintiff's agreement to that effect was not binding upon her. There was no contract for an extension of time which the law will recognize. The familiar rules upon which these conclusions are based are admitted by all. The action was properly brought upon the note before the expiration of the time of the alleged extension of payment, and the sureties were not discharged.

III. Counsel for defendants insist that the extension of the time of payment of the note is a valuable consideration, and will support a contract. This proposition is true, but it is not applicable to the case, for the reason that the principal in the note made no promise or contract to pay anything for the extension. If he had promised to pay a sum for the extension, the consideration therefor would have been found in plaintiff's agreement to extend the time for payment of the note. But no such promise was made by defendant. It is insisted that the contract, being in writing, imports a consideration. Code, § 2113. But this presumption may be overcome by evidence, which was done upon the trial.

IV. It is insisted that as the want of consideration was not pleaded by plaintiff it cannot be relied upon as a defense. If there is anything in the objection, it cannot be urged in this court, for the reason that it was not made in the court below.

The judgment of the district court is

AFFIRMED.