MANVILLE H. BRIGGS v. LYMAN D. NORRIS.

*Guaranty—Payment — Extension of time — Mortgage foreclosure.*

1. A guaranty of "the collection of the within note and mortgage as one contract; will pay deficiency on mortgage sale,"—will be read together, and fixes the responsibility of the guarantor as soon as the deficiency arises.

2. In a suit against the guarantor of the *collection* of a note and mortgage, with agreement to pay deficiency on foreclosure, to recover such deficiency, it appeared that the wife of the mortgagor claimed to own a portion of the property, and, in a replevin suit brought by the mortgagee to recover same, her right to a horse, not taken on the writ, as also to a portion of the property replevied, was established, and that on a sale of the *balance* of the property the deficiency sued for arose.

   *Held,* a sufficient foreclosure, and that the proceedings in the replevin suit were material.

3. Payment of a *part* of a debt *actually* due, without any *bonus*, is no consideration for an extension of the time on the balance to the debtor.

Error to Kent. (Montgomery, J.) Argued October 6, 1887. Decided October 20, 1887.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Edmund D. Barry* (*Mark Norris*, of counsel), for appellant.

*J. A. Fairfield* (*Birney Hoyt*, of counsel), for plaintiff.

CAMPBELL, C. J. Plaintiff sued and recovered judgment below upon the guaranty of defendant on a note of Jacob Ferris. The note was for $250, payable in 60 days, dated June 25, 1884, and secured by chattel mortgage. The guaranty was in these words;

"I guarantee the collection of the within note and mortgage as one contract; will pay deficiency on mortgage sale."

Some payments were made, and there was some dispute about whether extensions had not been granted Mr. Ferris which should discharge the guarantor. One of these payments was made through the guarantor, who drew up a receipt signed by plaintiff, referring to an extension upon it. A portion of the mortgaged property was claimed to belong to Mrs. Ferris, and upon a replevin suit plaintiff had judgment against him. A horse covered by the mortgage was not taken on the replevin; but it was decided that Mr. and Mrs. Ferris had not unlawfully detained him. The mortgage was foreclosed, and property taken was sold, leaving a deficiency now sued for, and which plaintiff recovered below.

The defendant brings error, and assigns several errors, most of which relate to the theory of the parties concerning the defendant's obligation as guarantor, and how far it had been fixed or changed by what took place.

Some of the points made rest on the idea that, the guaranty being one of collection, the remedy should have been exhausted on the note as well as on the mortgage. We think that the writing must be read together, and that, when defendant promised to pay the deficiency arising on foreclosure, he fixed his responsibility as soon as such deficiency arose.

It is also claimed as error that plaintiff was allowed to show the value of some of the property bid off on the foreclosure, and afterwards lost to him. But the court allowed no deduction on this account, and it is of no consequence.

It is further claimed that the mortgage sale was not shown to be regular. There was, we think, evidence upon that subject; and, moreover, the error assigned refers to statutory defects, and there is no statute on the subject.

There was some conflicting evidence whether the sum of $25 had not been given as a bonus for the loan, which drew

no interest, although running 60 days. The court authorized the jury in such case to allow out of this sum what would be 10 per cent. interest during the running of the note to maturity. This was certainly no more than the parties had a right to have paid or deducted in advance, and there was nothing out of the way in it. Defendant could not, and Ferris could not, object to the retention of any rate which the law justified.

It is also claimed that the plaintiff was bound to collect his mortgage against all the property, and that the replevin suits were not material. We do not think this is so. A mortgagee cannot enforce a mortgage on property which the mortgagor has no right to mortgage. If a controversy arises on that right, a replevin or trover suit must usually be had to settle the title, and when that passes to judgment against the right of the mortgagee he cannot very well go further. Without some such action he might, perhaps, be put to showing otherwise that the mortgage did not cover the property right; but neither Ferris nor Norris could compel him at all hazards to accept the title which belonged to some one else, and submit, by unlawfully taking and converting the property of others, to the consequences of illegal action. He made a sufficient foreclosure when he sold all that was legally covered by the mortgage.

We think the court charged very fully and very fairly on the effect of extensions of time in discharging a guarantor. The extension chiefly mooted was, according to defendant's own testimony, referred to and made, if at all, by a receipt drawn by defendant himself, and upon a payment of $25, which by the verdict and judgment was applied on the debt, and not by way of bonus. The authority which Mr. Ferris gave Norris to pay this was to this effect:

"Mr. Briggs writes that, if I will pay him $25 upon it by the twenty-fifth of this month, he will extend time two months. Note past due."

The letter then requested this sum to be paid. It is very evident that payment of part of a debt actually due, without any bonus, is no consideration for an extension of the balance to the debtor. The receipt given varies from this letter in making this a payment by way of interest, which was not due, and which would support such a contract. But apart from questions of fact and authority, we do not think that such an agreement, made through the interposition of the guarantor, can be set up by him as made against his, right. An extension to which he consented would be valid and such action could only be regarded as consent.

We do not think there are any other matters of any consequence on the record. The material questions are, we think, sufficiently disposed of.

The judgment must be affirmed.

The other Justices concurred.