CASE 20—PETITION EQUITY—NOVEMBER 4.

95 115
e110 218

## Piper v. Gunther & Sons.

### APPEAL FROM DAVEISS CIRCUIT COURT.

SPECIAL ACTS OF THE LEGISLATURE REGULATING THE PRACTICE in the particular circuit courts under the old Constitution, except such courts as are in continuous session, stand unrepealed by the new Constitution until the Legislature shall pass a general law regulating the practice in circuit courts, no such law having yet been passed, except as to courts in continuous session. Therefore, an act of the Legislature regulating the practice in the Daveiss Circuit Court, and fixing the time at which cases shall stand for trial, is still in force.

LUCIUS P. LITTLE AND L. FREEMAN LITTLE FOR APPELLANT.

The special act regulating the practice in the Daveiss Circuit Court was not repealed by the new Constitution.

WEIR & WEIR FOR APPELLEES.

No brief in record.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

By the provisions of an act of the General Assembly, entitled "An Act to regulate civil proceedings in actions in the Daveiss Circuit Court," the clerk of the court was required to keep an equity-trial docket in addition to the equity-docket provided for by general law. It was also provided " that no case should stand for trial or judgment unless set down on the trial-docket before the first day of

the term at which trial or judgment was sought." The clerk was to so set the cause at the instance of any party to the action or his attorney.

The appellees brought this suit in the Daveiss Circuit Court to recover judgment on a purchase money note for a town lot, and to enforce their lien thereon. At the January term, 1893, the case was called and the plaintiffs moved for judgment. The defendant (appellant) objected upon the ground that the case did not stand for trial. It was conceded that the action had not been placed on the equity-trial docket, as provided by the special act. The court rendered a judgment in behalf of the appellees over the objection of the appellant, and also over-ruled his motion to set the same aside, made on the ground that its rendition was a clerical misprision. The appellant brings the case up, insisting that by reason of the special act mentioned the case did not stand for trial or judgment, and that the judgment complained of was rendered prematurely.

The appellees contend that by virtue of the present Constitution the special act affecting the practice in the Daveiss Circuit Court is no longer in force, and hence the judgment was properly rendered. The learned circuit judge has supported this contention—that the special act has been repealed—by an elaborate and somewhat plausible opinion, the purport of which is, that the court to which the act alone applied was created by virtue of the Constitution of 1850. This old Constitution has been superseded by the new, which, by its 125th section, creates a new circuit court in each county. The Daveiss Circuit Court, to regulate the practice in which the special act in question was passed, is not the Daveiss Circuit

Court now in existence under the new Constitution. Moreover, the third provision of the schedule is to the effect that circuit courts as now constituted and organized by law shall continue with their respective jurisdiction until the judges of the circuit courts provided for in this Constitution shall have been elected and qualified, and shall then cease and determine; and the causes then pending in the first-named courts, which are discontinued by this Constitution, shall be transferred, etc. The fallacy of this argument, it seems to us, lies in the assumption that because the old court, as constituted and organized, is discontinued, the law, whether special or general, regulating the practice is also discontinued.

These "practice acts," so to speak, do not form a part of the old courts, "as constituted and organized," in the meaning of the Constitution, and are not, therefore, discontinued simply because the old courts are discontinued. On the contrary, " that no inconvenience may arise from the alterations and amendments made in this Constitution," the first clause of the schedule provides, "that all laws of this Commonwealth in force at the time of the adoption of this Constitution, not inconsistent therewith, shall remain in full force until altered or repealed by the General Assembly," etc.

These various acts regulating practice are " laws of the Commonwealth." They are not repealed simply because the courts to which they relate are discontinued, as constituted and organized theretofore, but their repeal is made to depend on whether they are inconsistent with the new Constitution, and whether inconsistent or not is a question not involved in the argument at hand. This phase of the question will be considered further along.

The various acts or laws of the Commonwealth regulating practice in civil and criminal cases are independent of the organization or make-up of the courts created either by the new or old Constitutions. If it were otherwise, then laws regulating the subject of practice, whether general or special, would die with the old courts. The Civil and Criminal Codes are but acts regulating practice in civil and criminal cases. The provisions of this code (Civil Code, section 838) shall regulate pleadings and practice in civil cases commenced hereafter in courts which *now exist*, or which may hereafter be created—created, of course, under the Constitution then in force. Special acts, therefore, regulating practice in the courts under the old Constitution are no more repealed than is the Code of Practice. We think that all these acts survive the old Constitution, except such as are inconsistent with it; and, further, that where they are inconsistent with the Constitution, they still survive, provided the provisions of the Constitution making them inconsistent require legislation to enforce them. The only question is, therefore, is the special act under consideration inconsistent with any provision of the Constitution which is in force of itself, or is it operative without legislation to enforce it. The only provision on the subject relied on to show this inconsistency is that of section 59, providing that the General Assembly shall not pass local or special acts "to regulate the jurisdiction, or the practice, or the circuits of courts of justice, or the rights, powers, duties or compensation of the officers thereof; but the practice in circuit courts in continuous session may, by a general law, be made different from the practice of circuit courts held in terms." This is a direc-

Piper v. Gunther & Sons.

tion to future Legislatures and a limitation on future special legislation. It contemplates that the practice in circuit courts having stated sessions, as well as those having continuous sessions, shall be made uniform by general law, though the latter may differ from the former, after which it shall not be within the legislative competency to pass special or local acts regulating the practice, jurisdiction, etc., of the circuit courts.

The Legislature has provided the course of procedure in circuit courts having continuous sessions (chapter 124, Acts 1891–92–93, page 419), but no general law has as yet been provided for the other circuit courts. Until this shall be done, we think the special acts regulating the practice in these courts, as well as the general laws on the subject, stand unrepealed; and are in fact expressly continued in force by the first clause of the schedule.

The judgment below was prematurely rendered, and is reversed, with directions to set it aside and for proceedings consistent herewith.