MRS. IDA B. HENSLER v. THOMAS WATTS, Appellant.

**Sureties:** RELEASE BY EXTENSION OF TIME: *Consideration.* Where the time of payment of a note payable, without interest, or on or before one year after date, was extended after maturity at the request of the principal, no agreement to pay interest during such period of extension could be implied, in the absence of a stipulation therefor; and hence there was no consideration for such extension which would alter the original contract, and thus relieve the surety, who had not consented to any alteration of the note.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

SATURDAY, DECEMBER 22, 1900.

ACTION on a promissory note executed by Phillips, as principal, and the defendant, as surety, January 25, 1896, payable "on or before one year after date." Defense: Extension of time one year by the maker without the surety's consent. Verdict was directed and judgment entered thereon against the defendant, who appeals.—*Affirmed.*

*Spurrier & Maxwell* for appellant.

*Blake, Sallenback & Blake* for appellee.

LADD, J.—The evidence tended to show plaintiff's agent admitted, about one year and three months after the maturity of the note, that, at the principal's request, and without

the consent of the surety, he had extended the note one year, indorsing thereon, "Time extended to January 25, 1898." No consideration whatever seems to have passed from the principal maker—not even a promise to pay interest on the money for any definite time. The appellant, however, insists that a promise to pay interest during the period of the extension should be implied from the request therefor, and that when so brought into existence, it is a sufficient consideration for the promise of forbearance by the payee. But the makers had the option to pay this note at any time, before as well as after maturity; and, even though there had been an agreement of extension, this, unless so stipulated, would not have affected this condition of the instrument. The makers would still have the privilege of paying whenever they might choose. In these circumstances, the request to extend is simply for a favor or indulgence, from which an independent promise modifying the terms of the note will not be inferred. We have discovered no case announcing a contrary doctrine. In *Nelson v. Flagg,* 18 Wash. 39 (50 Pac. Rep. 571), and *Benson v. Phipps,* 87 Tex. 578 (29 S. W. Rep. 1061), where a promise to retain the money at the same rate of interest was presumed from a request for extension, the notes were payable on a day certain. Whether a mere agreement to retain money at the same rate of interest fixed in the note is a sufficient consideration for an extension of the time of payment, we have no occasion to determine. But see *Hunt v. Postlewait,* 28 Iowa, 427, and *Byers v. Harris,* 67 Iowa, 685.—AFFIRMED.