CASE 25—ACTION TO ENFORCE MORTGAGE—MARCH 1.

## Morgan v. Wickliffe.

APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

STATUTE OF FRAUDS—PLEADING—CONTRACT NOT TO BE PERFORMED WITH-
IN A YEAR—USURY—SPECIAL ACT REGULATING PRACTICE—REPEAL
BY CONSTITUTION.

Held:   1. A contract not alleged to be in writing must be held to be by parol.

2. A parol contract extending for five years the time of payment of a note was a contract not to be performed within a year, and therefore not binding.

3. The Chancellor will purge a claim of usury shown by the proof, though not pleaded.

4. A local act, passed prior to the present constitution, regulating the practice in a court not of continuous session, ceased to be operative after the expiration of six years from the adoption of the constitution.

Morgan v. Wickliffe.

GEORGE W. JOLLY and T. A. MORGAN, for appellant.

JEP. C. JOHNSON for appellee.

(No briefs.)

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee filed this suit against appellant to recover on a note executed by him for $2,127.40, dated July 26, 1894, payable twelve months after date, with interest at 6 per cent. per annum from date, payable semi-annually in advance, and secured by a mortgage on a tract of land. Appellee also sought the foreclosure of the mortgage. Appellant filed an answer in which he alleged that on October 31, 1896, it was agreed between him and appellee, in consideration of appellant agreeing to pay appellee, in gold coin of the United States, of the weight and fineness of such coins at that time, the interest on the note at the rate of 8 per cent. per annum, semi-annually in advance, on the 1st day of May and the 1st day of November in each year, that appellee should extend the time for the payment of the principal of the debt until the 1st day of November, 1901. He also alleged that by a subsequent agreement made in January, 1897, the time for the payment of the semi-annual installments of interest was fixed for the 27th of January and July of each year, and that pursuant to this agreement he had paid to appellee the interest semi-annually at 8 per cent. per annum in advance from November 1, 1896, up to and including January 27, 1898. Appellee demurred to the answer. The demurrer was overruled. He then replied, denying its allegations. Proof was taken, and on final hearing the court gave judgment on the note, and ordered a foreclosure of the mortgage.

The rule is well settled that a contract which is not al-

Morgan v. Wickliffe.

leged to be in writing must be held to be by parol. The answer in this case, therefore, set up only a verbal contract; and, as by its terms it was not to be performed within a year from the making of it, it was not enforceable. The evidence satisfies us, also, that the arrangement referred to in the answer was not a final one. No new note was given, as was clearly contemplated if the arrangement had been carried into effect. The court did not err in holding this defense not made out.

But the evidence of both parties shows beyond question that appellant borrowed of appellee $2,000 at the date of the note, and paid him interest on the note at the rate of 9 per cent. per annum from that time until November, 1896, when the rate was reduced to 8 per cent. The proof shows that the 9 per cent. was payable annually in two payments,—6 per cent. due on July 26th, and 3 per cent. on January 26th. The note, as stated above, is drawn for $2,127.40. The first credit indorsed on the note is in these words: "The first installment of interest due at date is paid." This interest was paid in the $127.40 which was added to the $2,000 and put in the face of the note. The next indorsement on the note is this: "The second installment of interest due at present date is paid. January 26, 1895." This amount was 3 per cent. on the face of the note, or $63.82. The third indorsement on the note is: "Credit by $127.64, July 30, 1895; being up to date." It will be observed that this amount is just 6 per cent. on the face of the note. The other credits on the note are of like character. In Hart v. Hayden, 79 Ky., 352, this court said: "The chancellor will always purge the claim of usury when the pleadings or proof show the transaction usurious. In other words, he will withhold a judgment for the usury, when disclosed by the

record, and, if usury exist in this case, he will sell the
land for the sum found due, deducting the usury; and
this he will do although the debtor may refuse to make
such a defense." In Hill v. Cornwall & Bro.'s Assignee,
95 Ky., 546, (26 S. W., 540), the court also said: "In fact,
in any case where it is plain from the record that the
party is seeking to recover usury, the chancellor should
refuse to give judgment for the usury." Under this rule,
which has been often upheld by this court, it is not neces-
sary for us to determine how far the defense of usury was
properly presented by the pleadings of appellant, or the
motions made by him in the court below. The proof by
both parties established the fact unquestionably. The
court should have given judgment on the note for $2,000,
with interest from July 26, 1894, at 6 per cent., payable
semi-annually, subject to the following credits: January
26, 1895, $63.82; July 30, 1895, $127.64; February 7, 1896,
$63.82; November 23, 1896, $127.64; January 27, 1897,
$45.99; February 22, 1897, $46.28; August 16, 1897, $85;
January 27, 1899, $300. We see no other error in the
record.

In Piper v. Gunther, 95 Ky., 115, (23 S. W., 872), it was
held that the local act regulating the practice in the
Daviess Circuit Court was not repealed by any provision of
the Constitution which is in force of itself, or operative
without legislation to enforce it. But the court said,
speaking of the Constitution: "It contemplates that the
practice in circuit courts having stated sessions, as well
as those having continuous sessions, shall be made uni-
form by general law, though the latter may differ from
the former, after which it shall be within the legislative
competency to pass special or local acts regulating the
practice, jurisdiction, etc., of the circuit courts." Section

1 of the schedule to the Constitution reads: "The provisions of all laws which are inconsistent with this Constitution shall cease upon its adoption, except that all laws which are inconsistent with such provisions as require legislation to enforce them shall remain in force until such legislation is had; but not longer than six years after the adoption of this Constitution, unless sooner amended or repealed by the General Assembly." The Constitution was adopted on September 28, 1891. The six years above provided for therefore expired September 28, 1897. Section 59 of the Constitution is in these words: "The General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely: (1) To regulate the jurisdiction, or the practice, or the circuits of of the courts of justice or the rights, powers, duties or compensation of the officers thereof; but the practice in circuit courts in continuous session may by general law be made different from the practice of circuit courts held in terms. . . ." The provision that the practice in circuit courts of continuous session may by general law be made different from the practice of circuit courts held in terms is, by implication, a restriction on the power of the Legislature to make the practice different in the several circuit courts held in terms, for the one exception is necessarily an exclusion of others. Sections 125-136 provide for the circuit courts of the State held in terms. Section 137 provides for a county having a population of 150,000 or over; section 138, for a county having a city of 20,000 inhabitants, and a population, including the city, of 40,000 or more, and concludes with these words: "And in such counties the General Assembly shall by proper laws direct in what manner the court shall be held and

the business therein conducted." From these provisions we think it manifest that, except in courts of continuous session, the practice throughout the State in the circuit courts was to be uniform, and that local acts in the several counties regulating the practice where the court was not of continuous session ceased to be operative after the expiration of the six years from the adoption of the Constitution. The court below did not err, therefore, in refusing to follow the local act referred to. Judgment reversed, and cause remanded for a judgment and further proceedings consistent with this opinion.