UMPHREY v. AUYER.

USURY—BONUS INCLUDED IN NOTE—PRINCIPAL AND AGENT.
In proceedings to foreclose a real estate mortgage, where the notes given therewith included a ten per cent. bonus in addition to the amount actually loaned, and also provided for seven per cent. interest, the highest legal rate, the same were usurious under 2 Comp. Laws 1915, § 5998,

and the assignee thereof with notice was not entitled to receive any interest thereon, and it is unimportant whether the mortgagee or her husband, who acted as her agent in negotiating the loan, received the ten per cent. bonus.

Appeal from Osceola; Cutler (Hal. L.), J. Submitted October 15, 1919. (Docket No. 48.) Decided December 22, 1919.

Bill by William F. Umphrey against Fred Auyer for the foreclosure of a mortgage. From the decree rendered, plaintiff appeals. Affirmed.

*Charles A. Withey,* for plaintiff.

*W. E. Brown,* for defendant.

Plaintiff, as assignee of Mrs. Margaret I. Postal, brought suit to foreclose a real estate mortgage held as collateral to a promissory note. At the time the loan was made the defendant executed two promissory notes to plaintiff's assignor, one for $1,300 and the other for $59.42. It is claimed by defendant and admitted by plaintiff that included in these two notes is a 10 per cent. bonus or commission to James R. Postal, husband of plaintiff's assignor, through whom the loan was negotiated. Defendant in his answer set up facts which he claimed constituted usury. The case was heard in open court, all the parties in interest being examined orally and a decree was entered providing for the foreclosure of said mortgage but holding that the transaction was a usurious one and limiting the amount of the decree to the principal sum unpaid. From this decree plaintiff appeals.

BROOKE, J. (*after stating the facts*). There would appear to be no dispute between the parties upon the facts in this case except that the plaintiff claims that

the 10 per cent. was exacted by James R. Postal as a commission to himself for negotiating the loan from his wife to the defendant, while defendant claims that the 10 per cent. was exacted by Postal as a bonus *to his wife* for making the loan. This conflict in the claims of the parties under our view of the case is unimportant. The statute, 2 Comp. Laws 1915, § 5998, provides:

"No bond, bill, note, contract or assurance, made or given for or upon a consideration or contract, whereby or whereon a greater rate of interest has been, directly or indirectly, reserved, taken, or received, than is allowed by law, shall be thereby rendered void; but in any action brought by any person on such usurious contract or assurance, except as is provided in 'the following section, if it shall appear that a greater rate of interest has been, directly or indirectly, reserved, taken or received, than is allowed by law, the defendant shall not be compelled to pay any interest thereon."

The mortgage and notes provided for 7 per cent. interest (the highest legal rate), and the notes included the 10 per cent. additional. There is no claim made that more than $1,231.29 was paid out by Mrs. Postal and it is admitted that she received notes aggregating $1,359.42 payable to herself. The words of the statute are plain:

"If it shall appear that a greater rate of interest has been *reserved, taken or received,* than is allowed by law, the defendant shall not be compelled to pay any interest thereon."

Whether Mrs. Postal or her husband received the avails of the 10 per cent. commission or bonus would seem unimportant. It certainly was reserved to her in the written instruments constituting the evidence of the transaction. In the course of his evidence James R. Postal testified that in negotiating the deal with defendant he was acting as agent for his wife.

It should perhaps be noted that the plaintiff does not claim to be a holder for value without notice but admits that he takes the security with such infirmities, if any, as would have attached thereto in the hands of the original holder.

The decree is affirmed.

BIRD, C. J., and SHARPE, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.