No. 24,844.

S. J. HEATON, *Appellee,* v. JOHN D. MYERS, *Appellant.*

SYLLABUS. BY THE COURT.

PROMISSORY NOTE—*Overdue and Unpaid—Assent to Proposition to Pay in Installments—No Consideration for Forbearance.* The holder of an overdue, interest-bearing promissory note gave assent to the maker's proposition to pay the debt in monthly installments, and three installments were paid. On default in payment of the fourth installment, the holder sued for face of the note with interest; less credits. *Held,* the proposition was one for favor and indulgence, the forbearance of the creditor was without consideraation, and judgment was properly rendered according to the prayer of the petition.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed January 12, 1924. Affirmed.

*E. D. Woodburn,* of Holton, for the appellant.
*E. R. Sloan,* of Holton, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant appeals from a judgment against him on a promissory note.

The note was for $2,500. It was dated January 2, 1918, and was payable on or before January 2, 1921. It bore interest at the rate of eight per cent per annum from date, payable semiannually, and unpaid interest became part of the principal and bore interest as such. The following indorsements were placed on the note:

"Interest paid up to July 2, 1918.
"Jan. 24, 1919, paid $102.50 interest.
"Jan. 24, 1920, paid $100.00 interest."

In May, 1921, the note was given to an attorney for collection. On May 12, defendant wrote the attorney as follows:

"Pursuant to my talk with you about the matters Dr. Heaton has placed in your hands, I have to advise you that I am just as anxious to pay Dr. Heaton what I owe him as any one can be, but on account of the tight money market, I have been unable to do just what I promised him.

"However, he has ample security for the debt I owe him, and no harm can come to him in that direction. I am sure Dr. Heaton would not want to do me an injustice in trying to collect this debt, but to enforce a collection at this time would embarrass me very much. A little time will help me, and not injure him.

"I will pay Dr. Heaton now $100, and an equal amount on the first of June, and each month thereafter until this debt is paid.

"Kindly let me know if this is satisfactory, and I will forward check."

On May 13, the attorney wrote defendant as follows:

"I have a letter this morning from Dr. Heaton. He reluctantly gives his consent to compliance with your proposition. Send me a check for $100, and arrange to have $100 the first of June and each month thereafter, and I will adjust the matter in this way."

Pursuant to this correspondence, defendant paid $100 on May 17, and made payments of $100 each on June 1 and July 1. No subsequent payment having been made, on August 15 plaintiff sued for full amount of the note, with interest, less payments. On August 18, defendant mailed a check for $100 as the August 1st payment, but the check was returned to him. On September 9, defendant wrote plaintiff as follows:

"I have been out of town for a few days, and in answer to your favor of the 23rd of August, I have to say that I sent you the $100 in payment of the amount due August 1, and am willing to send you a check for the amount due September 1, in compliance with the terms of extension made with you through Mr. Lucas. But I take it that as you have refused the first payment, it will be useless to tender a second."

The defense to the action was extension of time of payment and tender of the amount which was due at the time suit was commenced. Judgment was rendered according to the prayer of the petition.

An agreement to forbear collection of a matured note and to permit the maker to pay in installments, must be supported by a consideration or it is not enforceable. (8 C. J. 434 and 436.)

Some observations on the subject of consideration may be found in the opinion in the case of *McGregor v. Bank,* 114 Kan. 356, at pages 359 and 361, 219 Pac. 520. A request by a debtor for forbearance by his creditor is a request for favor and indulgence, not for additional burden or hardship (*Hensler v. Watts,* 113 Iowa 741, 742), and no detriment is suffered by the debtor, if he be indulged, by allowing him to pay in installments a debt due and payable in its entirety when the favor was extended. Payment of an installment after the creditor's consent to forbear is merely payment of what was already due (*Van Rensselaer v. Kirkpatrick,* 46 Barb. [N. Y.] 194).

There is no presumption of benefit to the creditor or of detriment to the debtor if a request for forbearance be granted. Benefit and detriment are facts and must appear in the transaction. The

creditor is under no obligation to his debtor to take active measures to enforce payment. He may remain passive and preserve his remedies, and he may tell the debtor he will remain passive without losing his remedies. (*The Planters' Bank of Prince George's County v. Sellman,* 2 Gill and Johnson, [15 Md.] 230, 234.) In this instance we have nothing but uncompensated forbearance by the creditor.

On May 13, the note with interest amounted to a computable sum which for present purposes may be estimated at $2,900. The interest due July 2, 1919, was not paid when due. The payment on January 24, 1920, was not sufficient to take care of the July, 1919, installment of interest, which itself bore interest, and no interest accruing after July, 1919, was paid. On January 2, 1921, the principal fell due, and it is idle to contend, upon the basis of the correspondence, that in May, 1921, Doctor Heaton was seizing upon advantageous opportunity to keep his money at interest for another long period of time with Myers. Likewise, it is idle to contend that Myers was superseding his note as evidence of liability. His proposition made no express reference to his note or to interest. Taken literally, it was to pay $100 down and $100 on the first of each month for twenty-eight months, without interest. Such an interpretation ignores the subject of the negotiations, and the expression "this debt" meant "my note." The proposition was to pay in installments "until this debt is paid," which, as indicated, meant "until my note is paid." There is nothing in the proposition to suggest that, even although the money market should become easier and Myers could better himself, or by good fortune could free himself from debt, he nevertheless bound himself for the benefit of Doctor Heaton not to pay, except $100 on the first of each month, and bound himself not to make payment in full before expiration of a definite period of time. "Until this debt is paid" is a full-satisfaction clause, not a definite due-date clause, and the proposition was merely an offer to discharge an indebtedness upon an overdue interest-bearing note, by paying in installments. Myers has cited no case in which it has been held acceptance of such an offer constituted an enforceable extension contract, binding the debtor not to pay except by installments, and binding the creditor not to sue except for delinquent installments. The debtor's obligation to pay in full was already complete. No payment of an installment could confer on the creditor a benefit he was not already entitled to. No promise to pay in installments, or any payment of an installment, could be detrimental to the debtor. Therefore,

                          the forbearance of the creditor was without consideration, and when Myers made default in payment of the August 1st installment, Heaton was privileged to treat the extension as violated and ended.

Myers relies on the case of *Lorimer v. Fairchild,* 68 Kan. 328, 75 Pac. 124. In that case Stout obtained a five-year loan of money which he secured by mortgage on his land. He sold the land to a purchaser who assumed the mortgage. The loan fell due, and the mortgagee entered into a contract with the purchasers whereby the loan was reconstituted to them for five years, at a lower rate of interest, without execution of a new note or mortgage. New interest coupons, however, were executed, and a formal extension contract was signed by the purchasers in which they expressly agreed to keep the loan for five years, pay the interest coupons, and keep and abide by all the conditions of the mortgage. Manifestly the case has no application to this controversy.

The judgment of the district court is affirmed.

MARSHALL, J., not sitting.