PEOPLES WAYNE COUNTY BANK v. LONYO.

1. Contracts—Forbearance to Sue—Consideration.
   Where note was past due, payee's forbearance to bring suit on payment of accrued interest, protest fees, costs of previous action, and promise to pay balance in monthly payments, was without consideration, and therefore not binding on him.

2. Same—Accrued Right—Forbearance.
   Holder's promise to forbear accrued right is not binding unless supported by consideration.

3. Costs—Failure to File Brief.
   Appellee filing no brief is not awarded costs, although judgment is affirmed.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 2, 1931. (Docket No. 29, Calendar No. 35,663.) Decided October 5, 1931. Rehearing denied January 4, 1932.

Assumpsit by Peoples Wayne County Bank, a Michigan corporation, against Louis G. Lonyo and another on a promissory note. Judgment for plaintiff. Defendant Lonyo appeals. Affirmed.

*Harry J. Lippman* (*J. Leon Katz,* of counsel), for appellant.

WIEST, J. Plaintiff bank held the note of defendant Louis G. Lonyo, for $1,967.75, dated September 3, 1929, due October 8, 1929, and indorsed by defendant Jane A. Lonyo. December 2, 1929, no payment having been made, plaintiff brought suit on the note. December 4, 1929, Mr. Lonyo offered to pay $100 on the principal and the accrued interest, protest fees, and court costs, and thereafter $100 per month and interest on each month's balance. The $100 on principal and accrued interest, protest fees and court costs were paid and the suit discontinued. Mr. Lonyo failed to make any further payment, and, February 24, 1930, plaintiff brought this suit on the note. Defendant Louis G. Lonyo, under plea of the general issue, gave notice of the following special defenses:

"1st. That he is in no manner indebted unto the within named plaintiff.

"2d. That the obligation in this cause involved is fully paid, satisfied and discharged.

"3d. That there has been in this cause a complete accord and satisfaction."

The facts have been stipulated. Summary judgment was awarded plaintiff. Defendant Louis G. Lonyo appealed, and, in his behalf, it is claimed:

"The obligation on the original note was discharged when the parties entered into their new agreement, and the rights of plaintiff must be determined under the new agreement."

The rule urged is not applicable to the case at bar. The note was past due and defendant Louis G. Lonyo was obligated to pay the amount thereof, to-

gether with accrued interest, protest fees, and costs of the previous suit, and there was no consideration for the forbearance or indulgence extended. Whether the indorser has been discharged by the indulgence extended the maker of the note we need not determine, for, while a party to the suit, the judgment was against the maker of the note only. Cases involving release of an indorser or surety are not in point.

It is elementary that a promise by a holder to forbear an accrued right is not binding unless supported by a consideration.

"Part payment of the whole amount due on the instrument, after it has already become due, or the payment of matured interest, is not a sufficient consideration. Likewise, since a promise to do nothing more than one is already legally bound to do is no consideration for a promise given in return, there is no consideration for an extension of the time of payment of a bill or note, which involves a promise to forbear, where the only consideration is the debtor's promise to pay the debt at the extended time of payment, without anything more, or his promise to pay in installments." 8 C. J. p. 435, 436.

In *Briggs* v. *Norris,* 67 Mich. 325, it was held:

"Payment of a part of a debt actually due, without any bonus, is no consideration for an extension of the time on the balance to the debtor."

The payment of accrued interest was no consideration. As was said in *Ferris* v. *Johnson,* 136 Mich. 227, 230:

"The note being due on the 27th of September, payment of interest already earned and due would not support a promise of forbearance to sue, which would be a *nudum pactum.*"

Payment of the costs of the former suit did not constitute a consideration. The point was presented in *Parmelee* v. *Thompson,* 45 N. Y. 58 (6 Am. Rep. 33), and disposed of as follows:

"The payment of the costs of the former action upon the note was but the discharge by the defendant of a legal obligation. The right of the plaintiff to recover in the action was not disputed, and his right to the costs of the action were as absolute and certain as his right to the debt, to recover which the action was brought.

"The defendant lost nothing and the holder of the note acquired nothing by the arrangement. There was then no valid agreement to extend the time for the payment of the note."

The same reasoning applies to the protest fees.

In *Heaton* v. *Myers,* 115 Kan. 75 (222 Pac. 66), the maker of a note asked for an extension of time and offered to pay $100, and an equal amount on the first of each month thereafter until the debt was paid. The payee consented to the proposition and the maker made three $100 payments. Thereupon the payee brought suit on the note. The defense to the action was extension of time of payment. The court stated:

"A request by a debtor for forbearance by his creditor is a request for favor and indulgence, not for additional burden or hardship (*Hensler* v. *Watts,* 113 Iowa, 741, 742 [84 N. W. 666]), and no detriment is suffered by the debtor, if he be indulged, by allowing him to pay in installments a debt due and payable in its entirety when the favor was extended. Payment of an installment after the creditor's consent to forbear is merely payment of what was already due (*Van Rensselaer* v. *Kirkpatrick,* 46 Barb. [N. Y.] 194).

"There is no presumption of benefit to the creditor or of detriment to the debtor if a request for forbearance be granted. Benefit and detriment are facts and must appear in the transaction. The creditor is under no obligation to his debtor to take active measures to enforce payment. He may remain passive and preserve his remedies, and he may tell the debtor he will remain passive without losing his remedies. (*The Planter's Bank of Prince George's County* v. *Sellman,* 2 Gill & J. 230, 234.) In this instance we have nothing but uncompensated forbearance by the creditor."

There was no defense. The judgment is affirmed. The plaintiff, not having filed a brief at the time this opinion was written, will not recover costs.

BUTZEL, C. J., and CLARK, MCDONALD, POTTER, SHARPE, and NORTH, JJ., concurred. FEAD, J., did not sit.