PATTERSON v. ALBERT.

1. USURY—PRINCIPAL AND AGENT.

Court will examine entire transaction between lender and borrower to determine whether alleged agency was used for the purpose of evading the usury law (2 Comp. Laws 1929, § 9239 et seq.).

2. SAME—LENDER'S KNOWLEDGE OF USURIOUS CHARGE.

Lender is chargeable with usury where he kept his funds with agent for purpose of investment and agent exacted usurious charge with lender's full knowledge and consent.

3. SAME—CORPORATE LOAN AGENT DOMINATED BY LENDER.

Transaction held, a palpable subterfuge to extort usury, where party appointed as borrower's loan agent was corporation in which lender owned almost all of the stock and he was the only active officer in its dealing with borrower.

4. MORTGAGES—USURY—FORECLOSURE—INTEREST.

   Mortgagee on foreclosure of mortgage in default during period
      of extension agreement *held*, entitled to principal sum less
      usurious charge and interest payments plus legal interest from
      date of decree of foreclosure.

5. SAME—EXTENSION WITHOUT CONSIDERATION—USURY.

   Mortgagee's promise to forbear suit on mortgage for period of
      three years cannot be enforced where made without considera-
      tion and where usury is interposed as defense.

Appeal from Wayne; Van Zile (Donald), J., pre-
siding. Submitted January 4, 1934. (Docket No. 42,
Calendar No. 37,522.) Decided June 4, 1934.

Bill by Peter Patterson against Rose Albert to
foreclose a mortgage. Decree for plaintiff. De-
fendant appeals. Modified and affirmed.

*Lloyd L. Axford, William E. Tarsney* and *Arthur
Axford,* for plaintiff.

*Samuel H. Rubin* (*Melba Levin-Rubin,* of coun-
sel), for defendant.

BUTZEL, J. In 1928, Rose Albert, defendant, act-
ing through a real estate agent, signed an instru-
ment appointing the Investment Mortgage Company
her agent to secure a mortgage loan of $20,000 on an
apartment building in Detroit. She agreed to pay
the mortgage company for its services a commis-
sion or brokerage fee of six per cent., in addition
to the cost of recording and continuing abstract, and
other expenses incurred in perfecting title. The
loan was negotiated, and defendant executed a note
and mortgage for $20,000 running to plaintiff, Peter
Patterson, as mortgagee. Patterson is the secretary
and treasurer of the company, and owns most of its

stock. He also keeps a part of his funds in the company's account, the amount being indicated on the books of the company. According to the testimony, these funds were used to make the loan. The transaction was closed at the office of the mortgage company, where Patterson also had his office. The company issued to defendant a check, signed by plaintiff as treasurer, for the amount of the mortgage loan, less a $1,200 commission retained by the company and other expenditures authorized by the defendant. The mortgage was dated December 13, 1928, ran for three years, and provided for the payment of semi-annual instalments of interest at the rate of six per cent. per annum. It also contained a clause accelerating the payment of the entire balance due, in case of default in the performance of any of the covenants of the mortgage. On July 22, 1931, before the mortgage fell due, plaintiff, without exacting any brokerage fee, granted defendant an extension of the loan for three years from December 1, 1931. The extension agreement provided for semi-annual payments of $200 on the principal beginning December 1, 1931, and the continuation of interest in accordance with the mortgage. Although the instrument is rather crudely drawn, it provides that all of the terms and conditions of the note and mortgage should "remain as heretofore."

Defendant defaulted in the payment of both the principal and interest due on December 1, 1931, and the principal due on March 1, 1932, and plaintiff thereupon brought the present foreclosure proceedings. Defendant contends that the entire transaction was usurious, and that, therefore, she is excused from paying any interest, and is entitled to have deducted from the face amount of the mortgage and note all payments made by her thus far;

that for this reason there is no default, and plaintiff is, consequently, not entitled to foreclosure. The circuit court commissioner, before whom testimony was taken, found the transaction free from usury. His report was confirmed by the circuit court, and a decree of foreclosure entered. Defendant appeals from this decree.

The fact that the mortgage company was designated by defendant in the application as her agent to secure the loan is not at all conclusive. The borrower is frequently required to sign such an application merely for the purpose of evading the usury law (2 Comp. Laws 1929, § 9239 *et seq.*). The court will examine the entire transaction in order to determine the question of agency. *Olmsted* v. *New England Mortgage Security Co.,* 11 Neb. 487 (9 N. W. 650) ; *Dupree* v. *Virgil R. Coss Mortgage Co.,* 167 Ark. 18, 33 (267 S. W. 586, 1119) ; *Dayton* v. *Dearholt,* 85 Wis. 151 (55 N. W. 147).

In the instant case Patterson, the lender, kept his funds with the mortgage company for investment. The latter acted as his agent in making the loan, and exacted the usury with his full knowledge and consent. Under the circumstances, the lender is chargeable with usury. *Umphrey* v. *Auyer,* 208 Mich. 276; *Freedman* v. *Katz,* 246 Mich. 296. Also, see 21 A. L. R. p. 850, and cases cited.

The whole transaction was a palpable subterfuge to extort usury. The Investment Mortgage Company is not an independent loan broker in which Patterson has no interest (*Merck* v. *American Freehold Land Mortgage Co.,* 79 Ga. 213 [7 S. E. 265]), nor is it a corporation in which his only interest is that of a stockholder, 21 A. L. R. 863. By his own admission, Patterson owns almost all the stock of the company. In addition, he is the secretary and treasurer, and in that capacity acted for the com-

pany throughout the instant transaction. The testimony does not show that any other officer or representative of the company played any part in the transaction, with the exception of a loan clerk who took care of the details. In practical effect, Patterson had himself appointed loan agent of the borrower in order to obtain a commission for procuring a loan for himself. Inasmuch as the transaction is tainted with usury, plaintiff is entitled only to $18,800, the amount actually paid out by the mortgage company, less the five instalments of $600 each paid as interest. Plaintiff is entitled to interest only from the date of the decree rendered by the lower court at the legal rate of five per cent. per annum.

Defendant claims that since the transaction was usurious, not only is plaintiff precluded from recovering any interest whatever, but in addition the semiannual payments of $200 on the principal, provided for by the extension agreement, should be deemed satisfied by the application of the $1,200 bonus and the interest payments made by defendant; that she is therefore not in default in any respect, and that the mortgage should therefore run without interest for the remainder of the three-year period provided in the extension agreement. Accepting defendant's construction of the extension agreement as being tainted with usury, we find that plaintiff's promise to forbear for three years was without consideration, and cannot be enforced. *Peoples Wayne County Bank* v. *Lonyo,* 255 Mich. 481. In *Church* v. *Maloy,* 70 N. Y. 63, a somewhat similar situation arose. The New York court held that inasmuch as the borrower had disaffirmed the extension agreement to the extent of insisting that the consideration paid was usurious and should be credited on the mortgage, he was not entitled to the benefit of the extension after

receipt of such credit. Also, see, *Morgan* v. *Wickliffe*, 110 Ky. 215 (61 S. W. 13); 22 Ky. L. 1648 (61 S. W. 1017). Defendant, having set up the claim of usury in order to avoid payment of the interest which was the agreed consideration for plaintiff's promise to forbear, cannot now demand that plaintiff perform his part of the agreement. Defendant is not entitled to the benefit of the extension, and the mortgage is therefore due in the amount above determined, with interest at five per cent. from the date of the original decree.

The decree of the lower court is modified and the case remanded with instructions to amend the decree in accordance with this opinion. Defendant will recover costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.