ANDREWS *v.* PFENT.

1. CONTRACTS—EXTENSION OF TIME FOR PAYMENT OF NOTE—CON-
   SIDERATION.
   Agreement to extend time for payment of a promissory note is
   not binding upon payee unless supported by a valid considera-
   tion.

2. SAME—EXTENSION OF TIME—PART PAYMENT—INTEREST—CON-
   SIDERATION.
   Debtor's part payment of whole amount due on an instrument,
   payment of matured interest or bare agreement to pay debt
   at extended time of payment is insufficient consideration for
   holder's promise to forbear.

3. LIMITATION OF ACTIONS—SET-OFFS.
   In action of assumpsit on promissory note, defendant's claim
   that amount should be reduced because of services rendered
   *held,* barred by statute of limitations where such services were
   rendered 13 or 14 years before commencement of action and
   no countershowing is made which would save the running of
   the statute of limitations (3 Comp. Laws 1929, § 13976,
   13984).

4. JUDGMENT—SUMMARY JUDGMENT—COUNTER SHOWING—AFFIDAVITS
—UNSWORN PLEADING.

On motion for summary judgment, the sufficiency of defendant's
counter showing must be determined from the contents of his
affidavits, an unsworn plea not being entitled to considera-
tion in support of defendant's opposition (3 Comp. Laws 1929,
§ 14260; Court Rule No. 30 [1933]).

5. SAME—COUNTER SHOWING—STATUTES—COURT RULES.

Showing made by defendant on affidavit of merits in opposition
to motion for summary judgment that plaintiff's claim should
be reduced by a sum claimed by defendant as compensation
for commissions and services rendered to plaintiff at her re-
quest referring indefinitely to real estate transactions and the
purchase and sale of land contracts *held*, insufficient to com-
ply with requirements of statute and court rule respecting
showing, because of insufficient particularity in statement of
facts to enable court to ascertain whether there is a good and
substantial defense (3 Comp. Laws 1929, § 14260; Court Rule
No. 30 [1933]).

Appeal from Wayne; Webster (Clyde I.), J.   Sub-
mitted April 21, 1937.   (Docket No. 155, Calendar
No. 39,501.)   Decided June 7, 1937.

Assumpsit by Eva Kuchley Andrews against
Frank Pfent upon a promissory note.   Summary
judgment for plaintiff.   Defendant appeals.   Af-
firmed.

*Lawson & Giles* (*William B. Giles,* of counsel),
for plaintiff.

*John W. L. Hicks,* for defendant.

NORTH, J.   On plaintiff's motion a summary judg-
ment was entered against defendant in the sum of
$5,347.60 and costs.   Defendant has appealed claim-
ing that by his counter showing issues of fact were
presented and the trial judge was in error in enter-

ing the summary judgment. The promissory note in suit was given by defendant to plaintiff on January 8, 1932, in the principal sum of $4,000, due one year after date. After the case was at issue plaintiff made a motion for summary judgment and a showing which was *prima facie* sufficient. Defendant attempted to make a counter showing in the manner hereinafter indicated.

As against plaintiff's right to a summary judgment one of defendant's claims is that on August 4, 1934, plaintiff and defendant met and orally agreed upon an account stated. First, he claims that it was then orally agreed defendant would be permitted to pay plaintiff's note in monthly instalments of $25 each, and in consequence of such agreement defendant asserts that the note was not due and payable at the time suit was started. This contention cannot be sustained. Such an agreement, if made, would not be legally binding upon plaintiff unless it were supported by a valid consideration.

"It is elementary that a promise by a holder to forbear an accrued right is not binding unless supported by a consideration. 'Part payment of the whole amount due on the instrument, after it has already become due, or the payment of matured interest, is not a sufficient consideration. Likewise, since a promise to do nothing more than one is already legally bound to do is no consideration for a promise given in return, there is no consideration for an extension of the time of payment of a bill or note, which involves a promise to forbear, where the only consideration is the debtor's promise to pay the debt at the extended time of payment, without anything more, or his promise to pay in instalments.' 8 C. J. pp. 435, 436." *Peoples Wayne County Bank* v. *Lonyo,* 255 Mich. 481.

The remaining claim of defendant is that the amount due plaintiff on the promissory note should be minimized to the extent of $2,650, due from plaintiff to defendant for services rendered. Of the above amount $800 was claimed as payment for services in building a house for plaintiff. But the record discloses that any services of this character were rendered 13 or 14 years before this suit was brought; and there is nothing in the counter showing of defendant which would save the running of the statute of limitations. 3 Comp. Laws 1929, § 13976. No claim is made of a new promise in writing to remove the bar as required by 3 Comp. Laws 1929, § 13984. Conclusively defendant could not use this item of $800 as a set-off against plaintiff's claim. The remaining portion of the $2,650 was claimed by defendant as compensation "for commissions and services so rendered unto the said plaintiff at her request," referring indefinitely to real estate transactions and the purchase and sale of land contracts. Notwithstanding the trial judge gave defendant several adjournments extending over a period of a month to enable him to make a more definite showing of his alleged counterclaims of this character, no such showing was made. It is true defendant offered as an excuse his inability to find detailed records of the various transactions. The trial court gave defendant every reasonable opportunity to make a sufficient counter showing to plaintiff's motion for a summary judgment, but he failed to do so. Some details of defendant's claims appear in his amended plea; but his plea is not under oath and therefore cannot be considered in support of defendant's opposition to summary judgment. In the instant case the sufficiency of defendant's counter showing must be determined from the

contents of his affidavits. At the conclusion of the hearing the trial judge said:

"I still have not seen anything which would warrant me holding that he (defendant) has a set-off; I have not seen anything."

The practice and procedure as to summary judgments is governed by statute (3 Comp. Laws 1929, § 14260) and by Court Rule No. 30 (1933). This rule provides that the affidavit of merits to prevent the entry of a summary judgment shall be drawn in the same manner as is required for an affidavit in support of a motion for such judgment. Among other things the rule provides that such affidavit shall set forth with particularity the facts upon which the plaintiff's cause of action or defendant's counterclaim is based, and "shall not consist of conclusions but of such facts as would be admissible in evidence." The rule requires that the claimed facts shall be stated with such particularity that the court can determine whether there is a good and substantial defense.

"To comply with the rule, the affidavit must state facts relative to the agreement so that the court can determine whether there is a valid enforceable agreement. * * * Since the amendment (to former Circuit Court Rule No. 34*), it is the duty of the court to determine if there is a real defense to the action. To enable it to do so, the amended rule requires that the relevant facts upon which the defense is based shall be set forth with particularity in the affidavit." *Warren Webster & Co.* v. *Pelavin,* 241 Mich. 19.

The record before us justifies the conclusion that defendant's counter affidavits were insufficient and

---

* See 233 Mich. xxxiii.—REPORTER.

the subsequent entry of a summary judgment was proper. The judgment so entered is affirmed, with costs to appellee.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.