# STATE OF MICHIGAN

# COURT OF APPEALS

---

LANCASTER & YORK, LLC,

        Plaintiff/Counter-Defendant-
        Appellant,

v

OAKLAND COUNTY TREASURER,

        Defendant/Counter-Plaintiff-
        Appellee.

UNPUBLISHED
October 17, 2017

No. 333064
Oakland Circuit Court
LC No. 2015-148563-CZ

---

Before: GLEICHER, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

In this breach of contract case involving repayment plans for delinquent property taxes, plaintiff/counter-defendant appeals as of right the trial court's order granting summary disposition to defendant/counter-plaintiff under MCR 2.116(C)(10). We affirm.

Plaintiff, a Michigan limited liability company whose sole member is Christopher Redding, owned two parcels of commercial property located in Oakland County. Plaintiff was delinquent in paying its property taxes in 2011 and 2012. Therefore, on April 3, 2014, defendant filed with the Oakland County Registry of Deeds, certificates of forfeiture for non-payment of taxes, which stated that the two parcels were forfeited to defendant and would be absolutely titled in defendant's name by foreclosure proceeding if not redeemed by March 31, 2015, after which date plaintiff would have no right of redemption.

On February 5, 2015, plaintiff assented to repayment plans for the delinquent taxes and promised to make substantial monthly installment payments to defendant for both properties beginning on May 1, 2015. Defendant made no express promise in the body of these agreements. Plaintiff, however, had previously entered into substantially similar repayment agreements with defendant for delinquent taxes in 2012, 2013, and 2014. A 2012 letter sent from defendant to plaintiff indicates that defendant promised to "withhold" the property from tax sale for one year on the condition that plaintiff make the payments required under the 2012 repayment plan.

Defendant sought and the trial court entered a judgment of foreclosure for each parcel on February 18, 2015. Although plaintiff asserts that he was unaware of the foreclosure, he does not assert that the required notice was insufficient.

-1-

The Oakland County Registry of Deeds recorded notice of the judgment of foreclosure on August 4, 2015. Plaintiff sued defendant on August 13, 2015, alleging that the repayment plans were valid contracts and that defendant had breached them by obtaining a judgment of foreclosure vesting absolute title in defendant. Defendant filed a counterclaim against plaintiff asserting that he owed $123,267 in taxes and moved for summary disposition, arguing that the repayment plans are not contracts because they lacked consideration.

The trial court granted defendant's motion in full, concluding that the repayment plans did not include an enforceable agreement not to foreclose and that plaintiff could not maintain an action for breach of contract.

On appeal, plaintiff argues that the trial court erred by dismissing his complaint. We review de novo the trial court's grant of summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is appropriate under MCR 2.116(C)(10) when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id*. at 119.

To be enforceable, a contract must be supported by legal consideration. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 508; 885 NW2d 861 (2016). Under the pre-existing duty rule, a party's promise to provide performance that he is already otherwise required to provide— be it by statute, contract, or other enforceable duty—is not valid consideration to render an agreement an enforceable contract. *Gen Aviation, Inc v Capital Region Airport Auth*, 224 Mich App 710, 715; 569 NW2d 883 (1997). Under the common law, the pre-existing duty rule extends to promises to repay a pre-existing debt. Accordingly, to render enforceable a debtee's agreement to extend the time for the debtor's repayment of a pre-existing debt, the debtor must provide new consideration beyond his promise to repay the debt he is already obligated to pay. See *Andrews v Pfent*, 280 Mich 324, 326; 273 NW 585 (1937); *Briggs v Norris*, 67 Mich 325, 328; 34 NW 582 (1887).

Plaintiff argues that this rule has been abrogated by statute in the case of an obligation to pay taxes on real property. Plaintiff points this Court to MCL 566.1, which reads:

> An agreement hereafter made to change or modify, or to discharge in whole or in part, any contract, obligation, or lease, or any mortgage or other security interest in personal or real property, shall not be invalid because of the absence of consideration: Provided, That the agreement changing, modifying, or discharging such contract, obligation, lease, mortgage or security interest shall not be valid or binding unless it shall be in writing and signed by the party against whom it is sought to enforce the change, modification, or discharge.

According to plaintiff, our Legislature's use of the term "obligation" in MCL 566.1 evidences a legislative intent to render a taxpayer's assent to a repayment plan sufficient to render the plan an enforceable contract without any need for additional consideration. We disagree.

"The primary goal of statutory interpretation is to discern and give effect to the Legislature's intent." *Petersen v Magna Corp*, 484 Mich 300, 353; 773 NW2d 564 (2009).

"When reviewing the statute, all words and phrases shall be construed and understood according to the common and approved usage of the language, and a word or phrase is given meaning by its context or setting." *Id*. (internal citations and quotation notation omitted).

Under traditional interpretive canons, a term appearing in a list should be construed consistently with the company it keeps. *GC Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 420; 662 NW2d 710 (2003). MCL 566.1 sets forth five categories of property agreements which are modifiable without further consideration: contracts, obligations, leases, mortgages, and security interests. Plaintiff argues that the term "obligation" in MCL 566.1 should be read broadly to include required tax payments. A taxpayer's duty to pay property tax payments, however, originates in statute. See MCL 211.1 *et seq*. The remaining four categories listed in MCL 566.1 refer only to voluntarily assumed commitments. Therefore, when read in the context of MCL 566.1, the word "obligation" can reasonably be interpreted only to mean a voluntary obligation such as a promise or covenant.

Accordingly, MCL 566.1 does not apply to this situation. Therefore, to render the repayment plans binding contracts, plaintiff was required to provide new consideration beyond his agreement to pay the taxes he statutorily owed. Plaintiff has not provided this consideration and therefore cannot sustain a breach of contract claim.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle