PEMBERTON AND PEMBERTON *vs.* HOOSIER AND OVERSHINER.

In an action on a promissory note in these words : " Leavenworth City, Kansas, May 1, 1858.  On or before the first day of October, 1858, we, or either of us promise to pay Hoosier & Overshiner, or order, two thousand and forty dollars for value received, payable at the banking house of J. C. Hemingray & Co., in said city and territory, and payable without defalcation or discount, provided said sum is not in the meantime collected from the assets of Pemberton & Co., in the county of Christian, and State of Kentucky," it was *held* that the promise to·pay was not conditional—that the conditional words only express what the law annexes to all promises to pay ; and in effect only charge third parties with notice.  These conditional words impose on the payees of the note no obligation whatever.

*Held* that, an indorsement on such a note, signed by defendants, acknowledging the receipt of a payment thereon, and setting forth that " if the balance due on this note is collected in Kentucky, this note is to be delivered up to W. & A. Pemberton," being in writing, parol evidence cannot vary or contradict it.

On the overruling of a demurrer to a petition, the defer.dant can answer only by showing to the Court a meritorious defense, and that he did not demur for delay.

An affidavit setting forth that defendants have a meritorious defense, that they are not lawfully liable to pay plaintiffs the amount, in their petition claimed, that the affidavit was not made for delay, *held* to be one containing, not a statement of facts, but of conclusions of law, and therefore not sufficient to warrant the opening of a judgment and the allowance of an amendment to the answer ; *held, also,* that a proposed amended answer to the petition, in such action, setting forth that the money paid by defendants at the time of the indorsement on the note was paid on an agreement that the payees were to attemp the collection of the balance due on the note from the assets of the makers, before calling upon the payees, did not contain facts sufficient to constitute a defense.  *Held, further,* that the payment recited in the indorsement, made after the note was over due, could not furnish a valid consideration for the agreement attempted to be set up in the amended answer.

The opinion of the Court gives a full statement of the case.

*Crozier and Hemingray,* for plaintiffs in error.

I. The petion was bad because it contained no averment of an attempt on the part of plaintiffs to collect the note from

Pemberton & Co., in Kentucky. The indorsement on the note contains a condition precedent to be performed by the payees. The words "if the balance due on this note is collected in Kentucky," can have no reasonable intendment unless they refer to some future action, and it is clear from the body of the note that the parties intended that the payees should pursue their remedy against the assets of Pemberton & Co., before calling upon the makers of the note, and that the consideration of the payment indorsed on the note was that the payees should exhaust their remedy against the assets of Pemberton & Co. before calling upon the promisors. (*Berry vs. Wisdom,* 3 *Ohio S. R.* 241; *Thurston & Hays vs. Ludwig,* 6 *Id.* 1; *Rector vs. Purdy,* 1 *Mo. R.,* 186; *Parry vs. Bannick,* 3 *Id.* 447; *Owens vs. Gufer,* 2 *Id.,* 39; *Adams vs. Sherrill,* 14 *How.,* 297; *White vs. Brown, Id.,* 282; *Tester vs. Dewitt,* 1 *Kernan,* 454; *Oakley vs. Morton, Id.,* 25.)

Section one hundred and thirty-one of the Code of Civil Procedure preserves by implication the requirement of the common law that performance of condition precedent must be pleaded.

II. The Court below erred in refusing to allow the amended answer to be filed on affidavit of one of the defendants.

The amended answer alleged that the payees in the note, by their contract in the indorsement contained, agreed to first resort to the assets of Pemberton & Co., in Kentucky, for the balance due on said note; that this agreement was the consideration of the payment mentioned in the indorsement, and that Pemberton & Co. were solvent.

If the amendment showed a meritorious defense, the Court should have set aside the judgment and allowed the answer to be filed. (*Code Civ. Pro.,* §§ 146 *and* 149 *inclusive; Irwin vs. Bank of Bellefontaine,* 6 *Ohio S. R.,* 81; *Dutcher vs. Slack,* 3 *How.,* 322; *Field vs. Hawkhurst,* 9 *How.,* 75.)

*S. A. Stinson,* for defendants in error.

I. The demurrer was properly overruled. The promise is not in any sense conditional. It is a promissory note—the condition being only such as the law annexes to all promises. The defendants promise to pay a sum certain on a day certain, provided the amount is not paid before. The averments that the amount claimed is due, and that no part thereof has ever been paid, negative the idea that it has been collected.

II. By the note, no obligation is created on the part of these plaintiffs to collect any sum from any assets, or any right so to do. The note cannot in any manner be construed as an equitable assignment of the assets named, to these plaintiffs.

III. The motion to file an amended answer was properly overruled. The record shows that a judgment had been rendered before this motion was made, and the first step for the defendants to take was to set aside the judgment. Until this was done no answer could be filed. If the motion to reverse or vacate the judgment was made in the Court in which it was amended, it should have been under section five hundred and forty-six of the Code, and in the manner therein presented, and in the sections following. No such motion was made in this case, so that no error can be assigned on the part of the Court in this matter.

IV. If application is made to the Supreme Court to reverse the judgment of the Court below, it must be in a matter in which that Court had an opportunity to, and did, exercise its judgment, and in this case the only matter properly presented was the demurrer, as no application for leave to answer was made until after the overruling of the same and the rendition of judgment in the action.

V. In any case, before an answer could be filed out of time, there must be some showing of merits. Here there is none. The affidavit of William Pemberton, upon which the motion

Pemberton v. Hoosier.

is predicated, is not to facts showing a defense but to a legal conclusion ; while the affidavit to the answer, which was offered, may be strictly true and yet the affiant have no knowledge or belief about the matter in controversy.

VI. The answer, if true, shows no defense. It admits the existence of a legal liability for which the note was given, and their subsisting obligation to pay it, so that the consideration was sufficient. The part payment which they make cannot be used to support the consideration for a new promise. They did what the note bound them to do—nothing more. It does not show that these plaintiffs could, if they were so disposed, enforce the collection against the assignee. They do not show by their answer that they are in any way damnified by the judgment ; if they pay the note they have the assets.

VII. Parol evidence is inadmissible to change the tenor and effect of a note.

By the Court, BAILEY, J. This case comes before this Court on a petition in error praying for the reversal of a judgment rendered against the plaintiffs in error, and in favor of the defendants in error, in June, 1859, by the United States District Court for the First District of the late Territory of Kansas, sitting in the county of Leavenworth.

The action in the Court below was brought to recover the balance due on a note, of which the following is a copy :

"LEAVENWORTH CITY, KANSAS TERRITORY, }
"$2,040.                    May 1st, 1858. }

"On or before the first day of October, A. D. 1858, we or either of us promise to pay Hoosier & Overshiner, or order, two thousand and forty dollars, for value received, payable at the banking house of J. C. Hemingray & Co., in said city and territory, negotiable and payable without defalcation or discount ; provided, said sum is not in the meantime collected

from the assets of Pemberton & Co., in the county of, Christian, and State of Kentucky.

"(Signed,)                W. & A. PEMBERTON."

On this note was the following indorsement, made January 19th, 1859, viz.:

"Received of W. & A. Pemberton ($1,370 89) one thousand three hundred and seventy dollars and eighty-nine cents on the within note, and if the balance due on this note is collected in Kentucky, this note is to be delivered up to W. & A. Pemberton.

               "HOOSIER & OVERSHINER."

The petition of plaintiffs below was in common form, setting forth the execution and delivery of the note by defendants to plaintiffs, with copy of the note, and of the indorsement, and concludes as follows, viz.:

"Plaintiffs further state that no part of the balance of said debt has been paid, and that there is yet due to them on the note aforesaid the sum of seven hundred and six dollars and seventeen cents, with interest, &c., *no part of which has been paid.*"

To this petition the defendants demurred, and their demurrer was overruled by the Court. Whereupon, defendant excepted, and afterwards, by leave, filed their answer, admitting the execution of the note, and alleging the payment o one thousand three hundred and seventy dollars and eighty-nine cents, on the 29th of January, 1859, to have been paid "*with the express agreement, as stated in the indorsement on said note * * * *, that plaintiffs should collect the balance due on said note in Kentucky, out of the assets of Pemberton & Co, in the county of Christian, and State of Kentucky, in accordance with the stipulations contained in the body of said note.*"

Defendants also aver in their answer that plaintiffs had made no effort in Kentucky "to collect the balance of said note from the assets of Pemberton & Co., in due form of

law," and state " that there are in the hands of A. D. Rogers, Esq., an officer appointed by the Circuit Court for the county of Christian, in said State of Kentucky, abundant assets for the payment of the balance due on said note, and that said note, when properly presented to said A. D. Rogers, will be paid off."

This answer having been filed by defendants, the Court below rendered judgment over the answer, in favor of plaintiff. Whereupon defendants' counsel moved to set aside the judgment and for leave to file an amended answer, on affidavit of William Pemberton filed, which affidavit sets forth—

First. " That defendants have a meritorious defense to said action."

Second. " That they are not lawfully liable to pay to plaintiffs the amount in their petition claimed."

Third. " That this affidavit is not made for delay, but that justice may be done."

Fourth. " That the facts set out in the amended answer are true."

The amended answer referred to in this affidavit sets forth that the defendants, with one Wm. M. Hill, co-partners as Pemberton & Co., residing and transacting business in Christian county, Kentucky, had at some time, not specified, made an assignment of all their effects to one A. D. Rogers, as trustee for the benefit of their creditors; that the plaintiffs were creditors of said firm of Pemberton & Co., and the note in suit was given plaintiffs to *secure* them against loss—said note to be paid on the first day of October, 1858; "*provided,* that the sum mentioned in said note was not collected from the assets of Pemberton & Co., in the State of Kentucky, prior to the said 1st day of October, 1858; that afterwards, to wit : On the 19th of January, A. D. 1859, said note being unpaid from the assets of Pemberton & Co., plaintiffs having failed to collect the same from said assets, because said assets had not been fully marshalled. Defendants paid on said note

8

the sum of one thousand three hundred and seventy dollars and eighty-nine cents, *and in consideration* of said payment being then and there made by defendants, plaintiffs agreed to resort to the assets of said Pemberton & Co., in the State of Kentucky, and rely first upon them, out of which to obtain payment for the balance of said note, and these defendants were not to be called upon to pay said balance until plaintiffs had exhausted their remedy against the said assets in Kentucky, which they have not done," &c.

"Defendants further state that there are now, and have been, sufficient assets in the hands of said trustee, Rogers, to pay said plaintiffs' claim in full, and that said Rogers will, from said assets, fully pay off said balance when thereto properly requested, after he shall have fully marshalled the assets of said Pemberton & Co., which defendants are informed, and believe, has been already done; that defendants will always be ready to pay said note when they shall be thereto liable; that they are but sureties for the payment of said balance, as is well known by said plaintiffs, and that this was the agreement between plaintiffs and defendants. Of all which defendants put themselves upon the country," &c.

The assignment of error is as follows:

First. The Court erred in overruling the demurrer of the defendants in the Court below, who are plaintiffs here.

Second. The Court erred in overruling the motion of the plaintiffs herein, who were defendants in the Court below, and refusing to allow them to file their amended answer.

First. It is claimed that the Court below ought to have sustained the demurrer, because the note set forth in the petition, and the indorsement on said note include a *condition precedent,* while the petition fails to aver *performance* of such condition.

This position we deem untenable.

The promise to pay is in no sense conditional. The defendants promise to pay a sum certain on a day certain, pro-

vided only, that it is not paid *before* that time.   The condition is only such as the law annexes to all promises to pay, and the effect of expressing such condition is simply to charge third parties with notice.

The conditional words of the note do not create or impose upon the payees any obligation to collect any sum of money from the assets mentioned, or to do any other act whatever, and the averment in the petition that " no part of the balance of said debt has been paid, and that there is yet due to them on the note aforesaid, the sum of seven hundred and six dollars and seventeen cents—no part of which has been paid," are sufficient to negative the idea of payment, whether from the assets mentioned or from any other source.

The demurrer, therefore, was properly overruled.

Second. Judgment having been rendered for plaintiffs, over the answer, was the motion to set aside said judgment and for leave to file the amended answer on the affidavit of Wm. Pemberton, properly overruled ?

The defendants could only claim to file their amended answer out of time, by showing, to the satisfaction of the Court, a meritorious defense, and that he did not demur for delay.   (*Code*, § 146.)

The affidavit filed in support of the motion contains, not a statement of facts, but of conclusions of law.

Third. The proposed amended answer does not state facts sufficient to constitute a valid defense.

The amended answer shows that on the 19th day of January, 1859, the plaintiffs *had* made efforts to collect the amount of the note in Kentucky, and *had failed so to do;* that on that day defendants paid to plaintiffs one thousand three hundred and seventy dollars and eighty-nine cents, in consideration of which payment, plaintiffs made a certain agreement.

But the agreement of January 19th, 1859, was in writing, and parol evidence cannot vary or contradict it, and besides,

the whole amount of said note being more than three months over due, the payment of a part of that amount cannot furnish a valid consideration for the agreement defendants attempt to set up. They did what the note bound them to do, and no more.

It is therefore ordered by the Court, that the judgment of the Court below be affirmed, and that a mandate issue to said Court to carry the judgment into effect. Judgment in this Court against plaintiffs in error for costs and execution thereon.