JAMES P. RICHARDSON, *as Administrator, etc.*, v. BETTIE C. PAINTER.

No. 16,118.

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Joint and Several Obligation.* A personal judgment against two defendants is a joint and several obligation, which the plaintiff may enforce against either of them at his option.

2. ——— *Death of One Debtor—Revivor Unnecessary to Hold the Other.* The fact that one of two judgment debtors dies and there is no revivor or proceeding had to keep the judgment alive as to his estate does not extinguish the liability of the other, nor bar a proceeding to revive the judgment as against such surviving defendant.

Error from Morris district court; OSCAR L. MOORE, judge. Opinion filed July 3, 1909. Reversed.

*M. B. Nicholson,* and *W. J. Pirtle,* for the plaintiff in error.

*Dennis Madden,* and *John Maloy,* for the defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.:   A judgment for money was recovered against D. H. Painter and Bettie C. Painter in 1893, on which executions were issued from time to time and returned unsatisfied.   D. H. Painter died in 1904, and on December 2, 1907, a motion to revive the judgment as to Bettie C. Painter was made and denied. It was admitted that the judgment had never been revived against the estate of D. H. Painter, and it is contended here, as it was in the district court, that the failure to revive the judgment as against the administratrix of the estate of D. H. Painter within one year after he died absolutely ended its life.   On the other hand it is contended that a judgment is a joint and several obligation, and that as a judgment creditor may proceed against each judgment debtor separately the dormancy of the judgment as against the one does not affect the status or liability of the other.

The rules of the common law invoked by the defendant in error have been greatly modified by our statutes.   Contracts which were joint have been made joint and several, and specific authority has been given to proceed against one or more of those liable on a joint obligation. (Gen. Stat. 1901, §§ 1190, 1193.)   It has therefore been determined that a judgment against two or more defendants is a several obligation, and that the property of each is liable to execution for the whole judgment debt.   In *Read v. Jeffries,* 16 Kan. 534, it was expressly determined that "a personal judgment against two parties is a joint and several obligation,' and an action can be maintained upon it against either of the judgment debtors separately, and it can in like manner be used as a set-off against either." (See, also, *Stout v. Baker, Sheriff,* 32 Kan. 113.)   There is nothing in the code provisions relating to revivor indicating that judgment defendants individually liable may not be proceeded against separately or that the failure to

revive the judgment as to one will bar a proceeding to keep the judgment alive as to others. It is argued that revivor proceedings are designed to protect the relationships and rights of parties to actions and judgments; that a joint debtor is entitled to contribution if he pays the debt, and likewise a surety has a right to indemnity if he pays the obligation of his principal; and that if a judgment creditor is allowed to ignore revivor proceedings and by his non-action permit a judgment to become dormant as to one he practically defeats contribution and indemnity. In the absence of a statutory provision the rights and relations of judgment debtors is not a matter of concern to the judgment creditor. Having a judgment upon which each is severally liable for the whole, he is entitled to enforce it against either at his option. To require him to institute legal proceedings and become liable for costs and expenses for the protection of judgment debtors as against each other would take away a valuable element of the judgment and greatly impair his rights under it. (*Palmer v. Stacy,* 44 Iowa, 340.)

The question we have now was directly involved in *Ray v. Brenner,* 12 Kan. 105, where a motion was made to revive a judgment rendered against two parties, one as principal and the other as surety. The principal had died and no steps had been taken to keep the judgment alive or enforce it against his estate. It was contended that as the judgment was not enforceable against the deceased principal it could not be revived or enforced against the surety. In deciding the case attention was mainly given to the relations of principal and surety, but it was held that the judgment might be enforced against the surety notwithstanding the death of the principal, and the order of the trial court refusing to revive the judgment as against the surety was reversed. In a proceeding in the federal court for the district of Kansas our statutory provisions relating to joint obligations and the

revivor of them were considered, and it was held that a Kansas judgment might be revived and enforced as against one of two judgment debtors without bringing in or giving any attention to the other. (*United States v. Houston,* 48 Fed. 206.)

The cases of *Ballinger v. Redhead,* 1 Kan. App. 434, 440, and *Newhouse v. Heilbrun,* 74 Kan. 282, have been cited as opposing the theory of proceeding separately as against judgment debtors. In each of these cases, however, one of the joint plaintiffs had died, and it was held that, the judgment being dormant as to one, it could not be enforced at the instance of the other plaintiff. The distinction between joint judgment plaintiffs and joint judgment defendants is manifest. There the interest and rights of the plaintiffs were joint, not several. No one of them was entitled to the entire demand or right. Each held jointly with his coplaintiffs and had no right which he could separately assert or enforce. Joint judgment debtors, on the other hand, are severally liable for the entire demand, and the property of each is subject to execution for the whole. For instance, two persons hold a promissory note, executed jointly by two makers. Neither of the holders could separately maintain an action against the makers on the note, but both together might maintain an action against either of the makers alone and enforce the collection of the judgment obtained from his property. As the liability of Bettie C. Painter was distinctly several, and enforceable against her at the option of plaintiff, the judgment may be revived against her although there can be no revivor as against her codefendant.

The order denying the motion to revive is reversed, and the cause remanded for a new trial.