No. 36,271

In re the Estate of N. W. Harris, Deceased (FEDERAL FARM MORTGAGE CORPORATION, *Appellant,* v. C. GAY BUSBY, as Administrator, etc., CORA N. HARRIS, et al., *Appellees*).

(155 P. 2d 425)

Opinion filed January 27, 1945.

*Edward H. Jamison,* of Wichita, argued the cause and *M. V. B. Van De Mark,* of Concordia, *Robert C. Dow* and *Conrad L. Ball,* both of Wichita, were on the briefs for the appellant.

*Clarence Paulsen,* of Concordia, argued the cause for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was a proceeding for the purpose of having a secured demand allowed as a claim against an estate. The claim was allowed in full. Subsequently the claimant asked that the judgment be amended in certain particulars. This motion was overruled. The claimant thereupon appealed to the district court, which gave the same judgment as the probate court and allowed the claim in full. The claimant has appealed from that judgment.

There is no dispute about the facts. Claimant, The Federal Farm Mortgage Corporation, foreclosed its second mortgage against some real estate owned by decedent in the same action wherein the first mortgage was foreclosed. This action took place in Sheridan county. The land was duly sold to the first mortgagee for the amount of the first mortgage.

One of the judgment debtors, N. W. Harris, died intestate a resident of Cloud county, Kansas, on February 21, 1943, and an administrator was appointed for his estate. The claim upon which this action is based was filed in the probate court of Cloud county by the second mortgagee, appellant here, on January 7, 1944, for the full amount of its judgment in Sheridan county. Appellant's judgment was unconditionally allowed as a claim by the probate court of Cloud county on March 3, 1944. On February 12, 1944, appellant redeemed the Sheridan county property from the purchaser at the sale under its judgment lien. On March 24, 1944, a motion was filed by appellant asking that the judgment be corrected by allowing appellant's claim conditioned on its exhausting its security and applying the proceeds thereof on its judgment. This motion was overruled by the probate court on March 30, 1944, and an appeal was taken from the judgment and the order overruling the motion to correct and modify it to the district court of Cloud county.

After the expiration of fifteen months and three days from the date of sale of the Sheridan county property or on May 11, 1944, appellant filed a statement pursuant to G. S. 1935, 60-3450, with the clerk of the district court of Sheridan county crediting its judgment with the sum of $2,000. On the 22d day of May, 1944, a verified supplemental petition was filed in the district court of Cloud county, where the appeal in this case was pending, alleging that redemption had been made by the appellant of the Sheridan county property since the filing of the original claim and that a statement had been filed with the clerk of the district court according to law crediting the judgment with $2,000 as of May 11, 1944. The appellant in its supplemental petition asked that its judgment, as exhibited, be credited with the sum of $2,000 and that a claim of third class be allowed against the estate for the balance of its judgment; that since the filing of the petition the security for appellant's demand had been exhausted and that it was entitled to a final and unconditional judgment for the balance of its demand.

The trial court refused that relief and affirmed the orders and decisions of the probate court; unconditionally allowed the whole of appellant's demand as a third-class claim; and ruled that appellant had surrendered its security by petitioning the court to allow its claim in full and also by failing to indicate its intention to exhaust its security until after the appellee's exclusive right of redemption had expired. From this order the claimant has appealed.

This claim was filed in Cloud county pursuant to the provisions of G. S. 1943 Supp. 59-1303. That section reads as follows:

"When a claimant holds any security for his demand, it may be allowed, conditioned upon the claimant surrendering the security or upon the claimant exhausting the security; it shall be allowed for the full amount found to be due if the security has been surrendered, or for any remaining amount found to be due if the security has been exhausted."

On the first glance it would seem that appellant here is acting against its interest when it appeals from the order allowing its claim in full. On examination it became clear that it is asking that its claim in the Cloud county probate court be allowed for the lesser amount on account of the effect that allowing it in full would have on its redemption in the Sheridan county action.

G. S. 1943 Supp. 59-1303 provides an additional means of collecting secured claims. By its terms it applies to two situations, one where security has been surrendered and the other where the security has been exhausted. In the first the demand may be allowed for the full amount and in the second for only what is still uncollected after the security has been exhausted.

Appellant argues that as the facts existed when this claim was filed only so much of this statute applies as deals with exhausting the security. Hence its prayer that the judgment be amended by providing that it should only be for the amount of its lien less whatever was realized on its judgment in Sheridan county should have been granted.

We cannot agree with this construction of the factual situation, however. At the time the claim was filed there was nothing to show that appellant would or would not realize anything on its judgment in Sheridan county. At that time it had not redeemed the Sheridan county land from the sale. Appellant filed its claim for the full amount of its judgment on January 7, 1944. It did more than this, however. It presented evidence and obtained the allowance of its claim in full on March 3, 1944. This action of appellant brought it within the provisions of G. S. 1943 Supp. 59-1303, which have to do with surrendering the security. It will be remembered the statute says:

"It shall be allowed for the full amount found to be due if the security has been surrendered."

There is no provision in the statute for allowing a claim for some

undetermined amount depending upon what shall be collected at some time in the future in some other proceeding.

Appellant argues that it was necessary for it to take the action it did take as to asking that this claim be allowed in order to prevent the statute of nonclaim barring its right to recover. It could have prevented this, however, by filing its claim for the amount due and deferring asking for its allowance until a later date. The matter is not determined by the prayer of its claim but by its subsequent action in causing its claim to be allowed.

The judgment of the trial court is affirmed.

BURCH, J., not participating.