(No. 30485.—

JOSEPH WATT, Appellant, *vs.* HAZEL WATT, Appellee.

*Opinion filed March 18, 1948.*

HARRY A. BIOSSAT, and HUBERT E. CANNON, both of Chicago, for appellant.

McCARTHY, WITRY, LYON & McCARTHY, (EMMETT J. McCARTHY, ROBERT R. HANLEY, and ROBERT M. PACE, of counsel,) all of Chicago, for appellee.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

This case was started in the municipal court of Chicago under the Forcible Entry and Detainer Act. A judgment was entered in favor of defendant. Plaintiff has appealed directly to this court on the assumption that a freehold was involved.

The facts are not in dispute. Formerly William Watt owned the premises in question and conveyed them to his two sons, John and Joseph, in joint tenancy. The real estate was improved with a dwelling converted into a two-family apartment. John and his family, consisting of his wife and daughter, moved into the second-story apartment. They occupied it as their home until he died, and thereafter the widow and child continued to live there. In August, 1947, Joseph Watt, the surviving joint tenant, started this action to recover possession from Hazel Watt, who is the widow of John Watt. The property described in the complaint was limited to the "four room apartment on the second floor." Defendant answered, setting up the conveyance to the two brothers in joint tenancy at John's death, and that she and the child had remained in possession of the apartment after his death. She claimed that by reason thereof she was entitled to a homestead estate in the four-room apartment. Defendant made no claim in the trial court, and makes none on this appeal, that she has any interest in the property other than the right to an estate of homestead in the four-room apartment.

Defendant's claim that she has an estate of homestead

is without merit. We will not discuss the question as to whether John Watt had an estate of homestead in the property described in the petition, but for purposes here will assume that he had a homestead estate. An estate of homestead cannot be more extensive than the interest in the land to which it attaches. (*Hertz* v. *Buchmann*, 177 Ill. 553.) If the householder has an estate in fee, the estate of homestead may likewise be a fee, but if the householder has only an estate for life or for years, the estate of homestead will expire at his death or at the expiration of the term of years. (*Stafford* v. *Woods*, 144 Ill. 203.) The estate of homestead has no separate existence independent from the title which supports it and from which it cannot be separated. (*Roberson* v. *Tippie*, 209 Ill. 38.) If a householder in whom an estate of homestead is vested dies, the estate, by operation of law, continues for the benefit of the surviving spouse for life and children during minority, (section 2 of the Homestead Exemption Act,) but if the estate of homestead of the householder is based on a life estate or a term of years, the estate cannot continue after the basic estate has terminated. *Berry* v. *Heiser*, 271 Ill. 264.

Under the principles announced in the foregoing cases, it is obvious that on the death of John Watt title passed to the surviving joint tenant and nothing remained to support any estate of homestead which the said John Watt might have had in the property. There could be no application of section 2 of the Homestead Exemption Act for the benefit of the defendant as the widow of John Watt. (*Hoeffner* v. *Hoeffner*, 389 Ill. 253.) The only defense interposed by defendant was her claim that the estate of homestead continued for the benefit of herself and her children.

In view of the foregoing conclusion, the judgment of the municipal court must be reversed.

*Judgment reversed.*