No. 37,283

In re Estate of HARRY KLEIN, Deceased (JETTA KLEIN, Administratrix, and HENRY L. BUTLER, Special Administrator of Estate and Partnership of Harry Klein, Deceased, *Appellees,* v. E. T. ANDERSON, *Appellant.*)

(201 P. 2d 633)

Opinion filed January 22, 1949.

*Fred Hinkle,* of Wichita, argued the cause, and *Russ B. Anderson,* of McPherson, was with him on the briefs for the appellant.

*Leonard A. Levand,* of Wichita, argued the cause, and was on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: Harry Klein and Jetta Klein, his wife and partner, operated a restaurant in Wichita. They were in need of funds to operate the business and on different dates executed two promissory notes to E. T. Anderson for the sum of $7,150. At the same time they delivered Anderson two chattel mortgages covering their restaurant fixtures to secure the payment of the sum borrowed from him. These instruments were later filed for record. Harry Klein died intestate in Sedgwick county on January 5, 1945. Subsequently the probate court of that county appointed Jetta Klein as administratrix of both the individual and partnership estates. She took possession of the mortgaged property and continued to operate the business. Apparently some payments had been made upon the notes. At any rate, on February 8, 1946, Anderson instituted a proceeding in probate court by the filing of a petition praying for an allowance of his claim against both estates in the sum of $6,158.81, conceded to have been the full amount then due by the terms of the notes on which his claim was based, and for the subjecting of the chattels covered by the two mortgages to the payment of that amount. To the peti-

tion the administratrix filed an answer denying that either estate was indebted to the claimant in any amount.

Upon issues framed as heretofore related the probate court found the total sum due on the notes in question was $4,400 and allowed the claim in full for that amount as a common claim but it refused to direct delivery of the mortgaged property to the claimant for sale under the mortgages, holding he had waived the security therein listed by seeking and obtaining an allowance of his claim in full. Thereupon the petitioner appealed to the district court from all portions of the judgment except that allowing the total amount due on his two notes. As to it he took no appeal.

The trial in district court resulted in a similar judgment. Petitioner then filed a motion for new trial. When it was overruled he perfected this appeal.

The gist of appellant's principal, if indeed it is not his sole claim of error, is that the trial court erred in two conclusions of law, presently to be quoted, upon which it predicated its judgment. Indeed he states the question involved is "Does one who has a secured claim against an estate of a deceased person waive the security thereto by filing a petition in the probate court, praying for an allowance of the claim, and for an order subjecting *pro tanto* the security to the payment of the claim?"

The two conclusions of law to which we have just referred read:

"That pursuant to G. S. 1943 Supp. 59-1303 the appellant, by filing his claim for the full amount, surrendered his security and is entitled to have a third-class claim in the amount of $4400.00.

"That appellant does not, under G. S. 1943 Supp. 59-1303, have the right to proceed against his security, have his claim allowed in full, and then exhaust his security, and have his claim allowed for the balance."

In approaching appellant's claim of error and consideration of his question as stated it must be kept in mind that under the undisputed record in this case his claim was (1) filed (*a*) for the full amount of the indebtedness alleged to be due on the secured notes in question; (*b*) at a time when he had neither exhausted nor surrendered his security, and (2) allowed for the total sum found to be due on such instruments prior to the surrender and exhaustion of his security. It must likewise be remembered that he failed to appeal from that portion of the probate court's judgment allowing his demand in full as a common claim.

Under the foregoing uncontroverted facts and circumstances we have little difficulty in concluding the two conclusions of law here-

tofore quoted were proper and in holding that our answer to the question propounded by appellant must be in the affirmative.

G. S. 1947 Supp. 59-1303, dealing expressly with the allowance of claims against decedents' estates, provides:

"When a claimant holds any security for his demand, it may be allowed, conditioned upon the claimant surrendering the security or upon the claimant exhausting the security; it shall be allowed for the full amount found to be due if the security has ben surrendered, or for any remaining amount found to be due if the security has been exhausted."

In *In re Estate of Harris*, 159 Kan. 431, 155 P. 2d 425, we held:

"The owner of a judgment foreclosing a second mortgage on real estate filed its claim in probate court against the estate of one of the judgment debtors asking the amount of its judgment in full and subsequently caused it to be allowed for the full amount as a third-class claim. *Held*, that under the provisions of G. S. 1943 Supp. 59-1303, this amounted to a waiver of the security." (Syl.)

And in the opinion said:

"G. S. 1943 Supp. 59-1303 provides an additional means of collecting secured claims. By its terms it applies to two situations, one where security has been surrendered and the other where the security has been exhausted. In the first the demand may be allowed for the full amount and in the second for only what is still uncollected after the security has been exhausted." (p. 433.)

On examination of the statute in question we find nothing which justifies a construction different than that given its language in the case just cited. We therefore are constrained to hold that by obtaining an allowance of his demand in full in the instant case without having first exhausted his security the appellant waived and surrendered any and all rights he may have theretofore had under the terms of his two chattel mortgages to subject such security to the payment of the indebtedness on which his claims as allowed was based.

Appellant's position that the Harris case is not decisive of the instant one is not well taken. In permitting the order allowing his demand in full to become final by not appealing therefrom he brought himself squarely within the rule therein announced.

The judgment is affirmed.