No. 45,525

In the Matter of the Estate of Louis P. Dahn, Deceased, (MAMIE L. DAHN, *Appellant*, v. BILL MURRAY, *Executor, Appellee*) and W. W. TRAILER SALES, INC., *Plaintiff and Appellee*, v. MAMIE L. DAHN, *Defendant and Third Party Plaintiff, Appellant*, v. THE FOURTH NATIONAL BANK & TRUST COMPANY, Wichita, *Third Party Defendant and Appellee.*

(464 P. 2d 238)

Opinion filed January 24, 1970.

*Ralph E. Gilchrist,* of Wichita, argued the cause, and *Carl L. Buck, Stephen K. Lester,* and *Brian J. Moline,* of Wichita, and *Eldon L. Meigs,* of Pratt, were with him on the brief for the appellant.

*Jerry G. Elliott,* of Wichita, argued the cause, and *Robert C. Foulston, Robert M. Siefkin, George B. Powers, John F. Eberhardt, Stuart R. Carter, Malcolm Miller, Robert N. Partridge, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, Robert L. Howard, Charles J. Woodin, Mikel L. Stout, Benjamin C. Langel, Phillip S. Frick, John E. Foulston, Stanley G. Andeel, John E. Neal, Frederick L. Haag* and *Richard D. Ewy,* all of Wichita, were with him on the brief for the appellee, W. W. Trailer Sales, Inc.

*John D. Megaffin,* of Pratt, argued the cause, and *M. C. Bucklin,* also of Pratt, was with him on the brief for the appellee, The Fourth National Bank & Trust Company.

*Bill Murray,* of Pratt, argued the cause, and *B. V. Hampton* and *Bill Hampton, Jr.,* also of Pratt, were with him on the brief for the appellee, Executor of the Estate of Louis P. Dahn, Deceased.

The opinion of the court was delivered by

FONTRON, J.: This appeal is concerned with two lawsuits: one is a claim by Mamie L. Dahn against the estate of her deceased husband, Louis P. Dahn; the other is an action filed in district court by W. W. Trailer Sales, Inc. against Mamie Dahn seeking to recover a deficiency remaining due after public sale of a mobile home purchased under a conditional sales contract. In the latter action Mamie filed a cross petition against the trailer company and a third party petition against the Fourth National Bank of Wichita, seeking

damages allegedly resulting from a breach of contract. Mamie has appealed from the judgment entered in each action and the two appeals have been consolidated in this court. The facts are somewhat complicated.

In the year 1959, Louis P. Dahn and his then wife, Iva, executed a joint and mutual will, contractual in nature. After Iva passed away, Louis married Mamie, the present appellant. On March 19, 1965, Louis and Mamie purchased a Skyline Mobile Home from W. W. Trailer Sales, Inc., on a conditional sale installment contract calling for monthly payments and containing the usual small print provisions.

Louis died May 6, 1965, leaving Mamie in possession of the trailer house (or mobile home in more polite parlance) with a time balance of $7,951.56 remaining due thereon. By this time the sales contract had been assigned to the Fourth National Bank of Wichita, with recourse. Mrs. Dahn found herself unable to meet the monthly payments and after some correspondence in which she advised the bank she was unable to meet the payments and would have to give up the trailer, the bank had the trailer picked up in McPherson, Kansas.

Subsequently the bank turned the trailer house to W. W. Trailer Sales, Inc. which then paid the bank in full pursuant to its obligation under the recourse assignment. On May 30, 1966, the trailer home was sold at public sale, after due notice of sale had been given. After the allowance of all credits a deficiency of $1,551.42 remained.

With this barebone recital of facts we proceed to the nub of these two lawsuits. On November 24, 1965, Mamie filed a petition in her late husband's estate, asking that she be adjudged owner of the trailer home, that the estate be required to pay any lien or encumbrance against it, that the bank be enjoined from disposing of the same until all rights were determined and for such other relief as might be equitable. On January 24, 1966, the bank filed a claim against the Louis Dahn estate for $7,727.47 asking that it be allowed to sell the trailer and apply the proceeds to payment of its claim.

Neither claim against the estate was heard until June 13, 1966, at which time the trailer home had been sold. The probate court, after a full hearing, ruled that W. W. Trailer Sales, Inc. be made a party to the probate proceedings, approved the sale of the mobile home and determined that Mamie had no homestead rights therein.

At this time also the court directed the bank to file an amended claim reducing the amount thereof to reflect credit of the sale proceeds and, in addition, directed the executor to sell the estate assets and hold the proceeds pending further order. Mrs. Dahn thereupon appealed to district court.

Some time after the trailer was sold, and we are uncertain of the exact time, since dates of filing are not set out in the record as required by Rule 6 ( q ), W. W. Trailer Sales, Inc. commenced proceedings in district court against Mrs. Dahn to recover the $1,551.42 deficiency. To that action Mamie responded by denying liability and by filing a cross petition against the trailer company and a third party petition against the bank, in both of which she alleged in substance as follows: that in the latter part of 1965 she and the Fourth National Bank orally agreed the bank would take possession of the trailer house and hold it until it should be determined what amount would be due the bank after recovery was had from the Louis Dahn estate; that she (Mamie) delivered the trailer in accordance with such agreement and the bank thereafter filed a claim against the estate; that thereafter, pursuant to some scheme between them, the bank turned the trailer to W. W. Trailer Sales, Inc. which in turn sold the trailer, thus depriving her of her property. Judgment was asked against both the bank and the trailer company for the value of the trailer, for loss of its use and for punitive damages.

On November 10, 1967, a pretrial conference was held in district court covering both cases, and at this time W. W. Trailer Sales, Inc. was given judgment against Mamie L. Dahn for $1,551.42, this amount being the deficiency existing after the trailer was sold. At the same time, Mamie's cross petition against the trailer company and her third party petition against the bank were both dismissed.

As to the probate appeal, the trial court found: (1) That the amount due on the bank's claim had been paid by the trailer company and the bank's claim against the estate had thus been extinguished; (2) that Mrs. Dahn had a homestead right in the mobile home which was limited by and subject to the interest of the bank and trailer company; (3) that the bank and trailer company had exercised their right to repossess and sell the mobile home, leaving a deficiency of $1,551.42. Judgment was thereupon entered dismissing the bank's claim against the estate (the trailer company never having filed one) and allowing Mamie a claim against the estate in the sum of $775.71, this being one-half the

judgment recovered against her by the trailer company. As we have previously indicated, Mrs. Dahn has appealed from both judgments.

Mrs. Dahn phrases her first point as follows:

"The debt upon which W. W. Trailer Sales, Inc. brought suit is the primary debt and obligation of Louis P. Dahn, deceased."

Since both Louis and Mamie signed the conditional sales contract there can be little doubt that both were equally obligated by its terms; the debt was a primary obligation of each of them. W. W. Trailer Sales, Inc. could look either to Louis or to Mamie, or to both of them for payment of the principal obligation, or for the payment of any deficiency remaining due thereon should the trailer be repossessed and sold. (K. S. A. 16-104; *Whittenhall v. Korber*, 12 Kan. 618; *Kirkpatrick v. Gray*, 43 Kan. 434, 23 Pac. 633.)

However we gather from Mamie's brief that her actual contention goes somewhat further, and is as follows: the law gives her a homestead interest in the house trailer; since the joint will of Louis P. and Iva Dahn provided that the debts of each be paid, the balance due on the trailer, which was a debt of Louis, should have been paid from his estate; the trailer indebtedness was not paid from the estate; ergo, she is entitled to be paid out of estate property a sum equal to the unpaid balance due on the trailer.

It is quite true that the probate homestead exemption spelled out in K. S. A. 59-401 includes a house trailer. Accordingly, it is our opinion that Mamie did possess a homestead interest in the mobile home since it was occupied as a home by the parties at the time Louis died. This homestead interest, however, could be impressed only upon the equitable interest in the trailer which Louis and Mamie had under the conditional sale contract. In other words, the homestead interest was subject to the terms of the purchase contract. In *Stafford v. Woods*, 144 Ill. 203, 33 N. E. 539, a very similar situation was considered by the Illinois court where it was said:

"But it seems too plain for argument that the estate of homestead can in no case be more extensive than the interest to which it attaches and of which it forms a part. If the householder has an estate in fee, the estate of homestead may likewise be a fee, but if the householder has only an estate for life or for years, the estate of homestead will expire at his death, or at the expiration of the term for years. In this case the interest held by Stafford at the time he assigned his contract was not the fee, but merely an equitable interest which was liable to be terminated and defeated by his non-perform-

ance of the contract of purchase, and it is manifest that anything which would have the legal effect of terminating the right of possession under the contract, would at the same time and for a like reason, terminate the estate of homestead." (p. 210.)

In *Ferris v. Jensen*, 16 N.D. 462, 114 N.W. 372, a husband and wife sought to enforce a homestead right in land purchased on contract by the husband who later, and without his wife's consent, assigned the contract to a third party, who thereafter had made all the payments thereon and had received the deed. In speaking of the wife's claim of a homestead interest in the land, the North Dakota court stated:

". . . . The existence of such homestead right was entirely dependant [sic] upon her husband's equitable title under said contract. Like a stream it could rise no higher than its source. The homestead right ceased with the extinguishment of her husband's equitable estate in the land, and such equitable estate was extinguished by abandonment of the contract, . . ." (pp. 467, 468.)

See, also, *Montgomery v. Wise*, 179 Okla. 247, 62 P. 2d 647; and *Watt v. Watt*, 400 Ill. 35, 78 N. E. 2d 224.

K. S. A. 59-401, specifically recites that the homestead interest provided for therein shall not be exempt from the "payment of obligations contracted for the purchase thereof." From the terms of the conditional sale contract involved in this appeal it is entirely clear that the balance shown to be due on the mobile home represented the remainder of the purchase price thereof.

Under the provisions of K. S. A. 59-1303 a secured creditor of a decedent debtor has two options: he may file a demand against the estate of his deceased debtor and have the same allowed in full, provided he surrenders his security; or, if he has exhausted the security, he may make claim for any remaining balance found due. (*In re Estate of Harris*, 159 Kan. 431, 155 P. 2d 425; *In re Estate of Klein*, 166 Kan. 334, 201 P. 2d 633.) In the case now before us, the bank, which as holder of the paper occupied the status of a creditor, chose to take possession of the trailer, as by contract it was entitled to do upon default of payment.

After the trailer house had been repossessed by the bank it was turned over to W. W. Trailer Sales, Inc., the contract having been endorsed with recourse, and was sold by the latter after due notice of public sale had been given. The sale proceeds were considerably less than the balance due on the purchase price of the trailer home. No complaint has been registered concerning

the regularity of the sale proceedings or the adequacy of the sale bid.

We think there can be little doubt that the sale of the mobile home in accordance with the provisions of the conditional sale contract was wholly within the purview of K. S. A. 59-1303 permitting claimant to exhaust his security, and that the sale terminated whatever homestead rights Mamie may have had in the trailer itself. What, if any, claim Mamie might have had as to any surplus remaining after sale is not before us, since no surplus remained. Nor does the failure of the trailer company to file a claim against the estate for the deficiency tend to invalidate the sale or relieve Mamie from liability on her obligation under the conditional sale contract. In *Richardson v. Painter*, 80 Kan. 574, 102 Pac. 1099, this court held that the fact one of two judgment debtors dies and the judgment has not been revived or kept alive against his estate does not extinguish the liability of the other. The same principle is applicable here.

Moreover, we entertain the view that Mrs. Dahn is in no position to press her demand that the executor of the Dahn estate be required to pay her, from estate property, the balance due on the trailer at Mr. Dahn's death.

It is obvious from the record that Mamie was several payments in arrears when the bank took possession of the trailer. On November 20, 1965, she wrote a letter to the bank in which she said:

"I received your registered letter. I cannot pay the back payments of $447.96. I can't make the $111.99 a month payments. I regret to say I will have to give up the trailer. I would appreciate a reply. Sincerely, Mrs. Dahn."

Six days later, on November 26, Mrs. Dahn sent a second letter to the bank which reads as follows:

"Dear Sir: When I called the other day. Well I guess you can come and get the trailer Monday or Tuesday. I will be moved out by then, I hope. Yours truly, Mrs. Mamie Dahn, P. O. Box 643, McPherson, Kansas."

On December 14, 1965, the vacated trailer was picked up at McPherson. As of that date an additional monthly payment had accrued and had not been paid.

It is our opinion that Mrs. Dahn's failure to make the payments which became due on the trailer, and which she knew were due under the terms of the conditional sale contract that she herself had signed, coupled with her surrender of the trailer home to the bank, must be said to constitute an abandonment on her part. The situa-

tion bears considerable analogy to that which the Oklahoma court had under consideration in *Montgomery v. Wise*, 179 Okla. 247, 62 P. 2d 647.

In the Oklahoma case, Mr. Montgomery and his wife established a home for their family on premises being purchased by Montgomery under a contract calling for monthly payments. Subsequently Montgomery assigned the contract to third parties who thereafter made the monthly payments as they became due. Mrs. Montgomery did not join in the assignment. In an action brought by the Montgomerys to set aside the assignment and to quiet title it was contended that the husband's assignment without his wife's joinder was a void alienation under the Oklahoma homestead law.

The court however decided otherwise, holding that the husband had abandoned his equitable interest in the real estate by virtue of his assignment of the contract, and that his wife had abandoned her homestead interest in the premises by failing to make or tender the payments as they fell due, although she was fully aware that payments were called for by the contract and were being made by others. On page 251 of the opinion the court concluded:

". . . Such is the situation presented in the case at bar where Mrs. Montgomery, being aware in February that the husband had abandoned his contract, which she knew by its terms called for monthly payments, failed to make or tender such payments as they fell due. The abandonment of the contract by both husband and wife was complete. Its abandonment extinguished the plaintiffs' estate, and the homestead interest fell with the same."

We do not consider the cases cited by Mrs. Dahn in connection with her claim against the estate as being in point. *In re Estate of Cline*, 170 Kan. 496, 227 P. 2d 157, involves the interpretation of a will with respect to the exoneration of specifically devised real estate from an existing indebtedness standing against it. In his will the testator had devised certain real estate to each of his three children. The land devised to one of his daughters, Anna, was mortgaged, while that devised to the other two children was not encumbered. All other property, except the home and its furnishings, was devised equally among the children.

It developed there was insufficient real estate to pay the decedent's general debts, let alone the mortgage against Anna's land. On application by Anna to have the land devised to her exonerated from the mortgage, the court said that considering the will as a whole, including a provision that all debts be first paid, the fair

intendment was that all debts, including the mortgage debt, should first be paid from the estate and that Anna should take the land devised to her free from the encumbrance. The court acknowledged that a direction by a testator that his debts be paid had in some instances been held merely perfunctory, but went on to say the direction could not be ignored under the particular facts of that case. We think that *Cline* bears little, if any, analogy to the facts which are before us here.

The case of *Frick Co. v. Ketels*, 42 Kan. 527, 22 Pac. 580, simply declares the rule that where a mortgage encompasses land in which there is a homestead interest, as well as other land, resort must first be had to the land not subject to homestead rights before the homestead itself can be taken to satisfy the mortgage indebtedness. This principle is well recognized in Kansas, but it has no application to the facts of the present case.

It is unnecessary for us to determine whether the trial court properly allowed Mamie a claim of $775.71 against the Dahn estate. Although the executor of the estate appealed from this allowance, he did not brief this issue and on oral argument, his counsel advised the court that this point was being abandoned.

The second section of Mrs. Dahn's argument is directed toward the trial court's dismissal, at pretrial hearing, of her cross claim against the trailer company and her third party petition against the bank. These two pleadings were filed in response to the action instituted by W. W. Trailer Sales, Inc. to recover the deficiency due on the trailer. In both pleadings Mamie alleged an agreement on the part of the bank to hold the trailer house until after her (Mamie's) claim against the Louis Dahn estate was determined, and that this agreement had been breached by the bank and the trailer company conspiring in concert.

As was pointed out by this court in *Green v. Kaesler-Allen Lumber Co.*, 197 Kan. 788, 420 P. 2d 1019, which is cited by Mrs. Dahn, no judgment should be granted in any case so long as there remains a dispute as to a material fact, and this is so even though the trial court may reasonably entertain the belief that one of the parties cannot prevail upon a trial. This principle has been announced and applied in several of our decisions. (See *Brick v. City of Wichita*, 195 Kan. 206, 211, 403 P. 2d 964; *Paul v. Topeka Township Sewage District*, 199 Kan. 394, 430 P. 2d 228.) We have no intention now of abrogating or eroding the rule.

We believe however the trial court did no violence to this concept when it summarily dismissed Mrs. Dahn's cross, and third party, petitions. In announcing its decision the court observed that it failed to see how there was any consideration for the alleged agreement, even though it be assumed that such an agreement was reached via a telephone conversation between Mamie and a now deceased bank official.

The trial court's position appears to us as quite correct. Under the provisions of the conditional sale contract which Mamie and her husband both signed, the bank, as holder of the paper, was entitled to the possession of the trailer house upon default in payment. In delivering the trailer to the bank, or in permitting the bank to take possession thereof, Mamie did no more than she had agreed to do under the very terms of her own contract. When the bank obtained possession of the trailer house from Mamie it was already entitled to possession thereof by virtue of the conditional sale contract.

It is an elementary principle of law that to be enforceable a contract must be based on valuable consideration. It is also the prevailing view in this country that the performance or promise of performance of an act which the promisor is already bound to do does not constitute consideration so long as the original promise is still in effect. (17 Am. Jur. 2d, Contracts, § 122, p. 468; 17 C. J. S., Contracts, § 110, p. 827.) This rule has long been recognized in Kansas. In *Cron v. Zimmerman,* 160 Kan. 78, 159 P. 2d 400, this court phrased the rule in these words:

"The rule is that an agreement to do or the doing of that which a person is already bound to do does not constitute a sufficient consideration for a new promise. (*Pemberton v. Hoosier,* 1 Kan. 108, 115, 116; *Schuler v. Myton,* 48 Kan. 282, 29 Pac. 163; *Miles v. Hamilton,* 106 Kan. 804, 806, 189 Pac. 926, 19 A. L. R. 276; *Heaton v. Myers,* 115 Kan. 75, 222 Pac. 66; *Jackson v. Hall,* 139 Kan. 832, 834, 32 P. 2d 1055; *Western Silo Company v. Johnson,* 203 Ky. 704, 262 S. W. 1093; 12 Am. Jur., Contracts, § 407, p. 985, 10 C. J. S., Bills and Notes, § 146.)" (p. 80.)

The only consideration which has been suggested by Mrs. Dahn is that she peacefully, and voluntarily, gave up the trailer house. But this she was obligated by contract to do in any event, should she default in making her payments. Hence, we are constrained to hold, that in the eyes of the law, the bank received no consideration for its alleged agreement to hold the trailer. The trial court did not err in entering summary judgment against Mrs. Dahn on her cross

petition against the bank or on her third party petition against the trailer company.

The judgment of the court below is affirmed.