No. 47,872

Misco-United Supply, Inc., *Appellant*, v. Hellar Drilling Co., Inc., *Appellee*.

(549 P. 2d 566)

Opinion filed May 8, 1976.

*Richard W. Stavely*, of Wichita, argued the cause and was on the brief for the appellant.

*Jerome E. Jones*, of Wichita, argued the cause and was on the brief for the appellee.

*Per Curiam*: This is an action by plaintiff, Misco-United Supply, Inc., (herein called Misco), to recover the sum of $1,584.30 paid as sales tax on two rotary drilling rigs conveyed to the defendant, Hellar Drilling Co., Inc. (Hellar). The controversy between plaintiff and defendant arose in this manner:

On December 1, 1970, Hellar was indebted to Misco on a promissory note which was then in arrears. To satisfy the debt Hellar conveyed two drilling rigs to Misco. At the same time, and by separate instrument, Misco leased the rigs back to Hellar for a period of five years, the rental payments to total $108,000 plus sales tax. Under the rental agreement Hellar was given an option to buy the two rigs for $115,000 plus sales tax, less the rentals already paid.

In July, 1973, Hellar, who was in arrears in the rental payments, offered Misco the sum of $52,500 in cash to exercise its option to purchase. When this offer was made it would have taken more than $73,000 to pay the full option price.

Misco refused Hellar's compromise offer but in turn offered to accept $63,500.00. Hellar accepted the counter offer and on September 7, 1973, paid the amount thereof in full.

Three weeks later Hellar, by written letter, demanded that Misco release the financing statement and its lien on stock pledged as collateral. Misco honored the demand and on October 1, 1973, forwarded Hellar a termination statement and the stock certificate.

On October 25, 1973, Misco charged Hellar for the full Kansas

sales tax it had paid the state. Hellar refused to pay the amount and this litigation followed.

The trial court found in favor of Hellar, basing its decision on the finding that there had been an accord and satisfaction. Misco has appealed.

On appeal, the gist of Misco's chief contention is, very simply, that it is unlawful for a seller at retail to assume or to absorb the Kansas sales tax and that an accord and satisfaction to such effect would be illegal and unenforceable. In support of this hypothesis Misco cites K. S. A. 79-3605, 79-3604 and 79-3615, providing in effect that sales taxes are to be paid by the consumer and shall be collected from the consumer by the retailer; that it is unlawful for a retailer to advertise or hold out to the public that it will pay or absorb the tax; and making it a misdemeanor for any person to fail to pay the tax or to aid another in attempting to evade payment of the tax or to violate any provision of the sales tax act.

On the other hand, Hellar maintains there was a valid and enforceable accord and satisfaction which superseded and took the place of the original rental agreement; that the accord contemplated coverage of all Hellar's obligations under the rental agreement, including liability for sales tax.

The trial court agreed with Hellar's position and found that while the transaction between Misco and Hellar was subject to Kansas sales tax whatever taxes may have been due and owing were included in the settlement figure of $63,500.00. We view this finding, which is amply supported by Mr. Hellar's testimony quoted herein, to be controlling as to Misco's first point:

". . . In July, 1973 defendant was delinquent in the rental payments. In July he offered Nelson $52,500.00 to settle payment under the rental agreement. The offer was declined and Hellar requested an acceptable figure from plaintiff. In August an offer was made by plaintiff of $63,500.00.

"Q. What did he say to you and what did you say to him when that offer was made?

"A. Well, I requested a walk-away figure, complete, final close-out and also he tried to explain to me how they arrived at the sixty-three five figure. I told him I wasn't interested but just the total amount.

"Q. Then did he give you the figure?

"A. Yes, sir.

"Q. And what did you do in response to this offer?

"A. Started making arrangements for the money.

"Q. Money was eventually paid?

"A. Yes, sir.

"Q. Did you take possession of the rigs that were covered by the rental agreement?

"A. Yes.

"Q. What did you do with those rigs after taking possession?

"A. We continued to run them."

Misco suggests that the consideration on which the accord was based was insufficient in law, and points to decisions in which it has been held that an agreement to do that which a person is already bound to do does not constitute valid consideration for a new promise (see, *In re Estate of Dahn*, 204 Kan. 535, 544, 464 P. 2d 238 and cases cited therein). The rule has no application here, however, because an additional element was introduced into the negotiation process, *i. e.*, that Misco was to receive a sizeable cash payment in lieu of smaller payments strung out over a period of some three years. In general it seems that consideration for an accord and satisfaction may be minor, and that anything which may be deemed in law to be of benefit to the creditor or a detriment to the debtor, however slight, is sufficient (1 Am Jur 2d. Accord and Satisfaction, Section 13, P. 311). We believe there was adequate consideration to validate the negotiated settlement.

Finally, Misco complains that the trial court erred in refusing to allow Misco's testimony as to its intent, *i. e.*, that it did not intend to forego the sales tax when it entered into negotiations and accepted the cash payment. Authorities cited by Misco seem wide of the point for they deal with situations where the purpose or intent of a party was the subject of the inquiry, as in cases dealing with change of residence or abandonment of homestead interests. In such cases, we have said a party may testify to his intent and to the purpose of his acts (*Blitz v. Metzger*, 119 Kan. 760, 241 Pac. 259).

Moreover, we believe the proffered evidence may be considered as cumulative in view of testimony given by Mr. Nelson, Misco's credit manager. The record reveals no disagreement over sales tax until Misco billed Hellar twenty-five days after the financing documents had been released and forwarded to Hellar. This belated activity has the earmarks of afterthought.

We find no prejudicial error, and the judgment of the lower court is affirmed.