(718 P.2d 643)

No. 57,478

CHARLES W. PARKER, Administrator of the Estate of MELVIN DOUGLAS, Deceased, *Appellant*, v. FARMWAY CREDIT UNION, *Appellee*, and SECRETARY OF REVENUE OF THE STATE OF KANSAS, *Defendant.*

Opinion filed May 8, 1986.

*Don W. Noah* and *Mark J. Noah*, of Noah & Harrison, P.A., of Beloit, for the appellant.

*Curtis A. Frasier*, of Gantenbein & Frasier, of Beloit, for the appellee.

Before ABBOTT, C.J., PAUL E. MILLER, District Judge, assigned, and JAMES P. BUCHELE, District Judge, assigned.

MILLER, J.: This case involves an appeal by Charles W. Parker, Administrator of the Estate of Melvin Douglas, deceased, from a ruling by the district court that appellee Farmway Credit Union had the right to exhaust its security interest in certain personal property owned by the decedent at his death without the necessity of either filing a claim in the estate proceeding or filing an action to foreclose its security interest in the district court.

The facts giving rise to this appeal are not complicated. Prior to his death Melvin Douglas was indebted to the appellee, Farmway Credit Union (Farmway). To secure the indebtedness, decedent and his wife, Virginia, executed financing statements, security agreements and mortgages on farm machinery and equipment, growing crops and livestock, and real estate. As has

happened to many Kansas farmers, the Douglas operation fell upon hard times and decedent was in default on or before May 1, 1984, on all of his obligations to Farmway. A balance of $111,290.17 was outstanding at that time. Pursuant to its security agreement, Farmway had the right to effect peaceful self-help repossession of those items of personal property which served as collateral for the indebtedness.

Mr. and Mrs. Douglas realized they were unable to pay for their indebtedness and entered into an oral agreement with Farmway whereby the personal property collateral would be sold at public sale. Prior to the sale, Melvin died and his heirs thereafter followed through with the preexisting agreement with Farmway. The collateral was assembled by Farmway and a public sale was held on May 26, 1984. Written notice was given by Farmway ten (10) days in advance of the sale to the heirs of Melvin Douglas and to most of his creditors. Sales proceeds were applied to Melvin's outstanding balance at Farmway.

On May 17, 1984, appellant Charles W. Parker (hereafter the administrator) filed a petition for administration of the Melvin Douglas estate and subsequently was named administrator.

Farmway also caused Melvin's 1984 wheat crop to be harvested after notice to the administrator and caused certain cattle to be sold at the Beloit Livestock Auction. The proceeds of the sale of cattle were paid jointly to Farmway and another creditor.

After his appointment and prior to filing the instant declaratory judgment action on July 5, 1984, the administrator took no steps to halt the equipment sale, the wheat harvest, or the sale of cattle. No application was made for the appointment of a special administrator at the time of the filing of the May 17 petition for appointment. No injunctive relief was sought.

The case giving rise to this appeal was filed on July 5, 1984. The administrator sought a declaratory judgment that he had the sole right to the property of Melvin Douglas after the latter's death. He further sought an order allowing the recovery of possession of the collateral which had been sold. His additional claim against the Secretary of Revenue, brought in the original action, was dismissed by the district court and does not make up part of this appeal.

Farmway filed a motion for summary judgment on July 17, 1984. On August 6, 1984, the administrator filed his response and

the district court sustained Farmway's motion and granted summary judgment on August 14, 1984. In its ruling the trial court found that under the facts of this case Farmway had the right to exhaust its security in the manner that it did. The court found no conflict between the administrator's right to possession of the decedent's property under K.S.A. 1985 Supp. 59-1401 and Farmway's right to self-help repossession.

The trial court's ruling gives rise to the two issues raised by the administrator on appeal: (1) whether in light of the rights and duties imposed upon an administrator under 59-1401 a secured creditor has the right to take possession of and sell the property of a debtor after the death of the debtor, and (2) whether the motion for summary judgment was prematurely sustained by the trial court.

As to the first issue raised by the administrator, it is clear that, under ordinary circumstances, the administrator has the duty to marshal the assets of a decedent and the right to possession thereof. K.S.A. 1985 Supp. 59-1401 states in pertinent part:

"The executor or administrator shall: (a) Have a right to the possession of all the property of a resident decedent, except the homestead and allowances to the surviving spouse and minor children; (b) marshal all tangible personal property owned by a resident decedent located in the state of Kansas and all intangible personal property owned by a resident decedent wherever located, either directly or by ancillary administration; (c) take possession, within six months from the date of appointment, of all tangible personal property located in this state and all intangible property wherever located . . . ."

It is also clear that under K.S.A. 84-9-503 a secured creditor has the right to peaceable self-help repossession upon default of a debtor. This may be done without the necessity of any judicial proceeding.

The administrator argues that self-help repossession as utilized by Farmway should not be allowed after the death of the debtor. He argues that the Probate Code controls what happens to a debtor's property after his death and that under K.S.A. 59-1303 a creditor is required either to file a claim in the probate court or to foreclose its security interest in a district court proceeding. Farmway, on the other hand, argues that its self-help repossession of the collateral and the ultimate sale thereof is allowed by K.S.A. 59-1303, which gives a creditor the option of surrendering the security and filing a claim against the estate or exhausting its security.

In answering the question presented, it should be noted that the right of the administrator to the property of a decedent is not absolute. Rather, that right is affected by what the decedent provided for his property during his lifetime. In *Hampson v. Stanfield,* 152 Kan. 333, Syl., 103 P.2d 910 (1940), the court held that an administrator could not recover possession of property which had been contractually conveyed by a decedent during his lifetime. In *In re Estate of Dahn,* 204 Kan. 535, 540-41, 464 P.2d 238 (1970), a secured creditor took possession of a decedent debtor's trailer and sold it after his death. The creditor was entitled to take possession upon default. The court held that the sale of the trailer in accordance with the contract was wholly within the purview of K.S.A. 59-1303 permitting a secured claimant to exhaust his security. The clear implication of *Dahn* is that a secured creditor need not foreclose its security interest in the district court in order to exhaust it.

In the case at bar, it is uncontroverted that Farmway had the right to possession of the collateral upon default by virtue of its security agreement with Melvin Douglas. It is further uncontroverted that Melvin and his wife and other heirs had agreed prior to his death that Farmway could take possession of and sell the collateral, and it is uncontroverted that the heirs continued to cooperate with Farmway after Melvin's death in order to give effect to the oral agreement. Thus, we believe the trial court was correct in finding that Farmway had the contractual right to exhaust the security in the manner it did. In so finding, we do not answer the broader question of whether a creditor may use self-help repossession under the statute in a situation where there is no specific agreement allowing the secured party possession upon default.

The administrator also complains that the trial court erred in prematurely sustaining Farmway's motion for summary judgment. He cites *Brick v. City of Wichita,* 195 Kan. 206, 403 P.2d 964 (1965), as support for the proposition that a motion for summary judgment should not be considered by a trial court until pretrial discovery has been completed. At oral argument we were advised that the administrator had not even begun discovery when the court granted summary judgment and that the administrator had never even had the opportunity to review the

documents relating to decedent's debt with Farmway including the security agreement.

We have no quarrel with the holding of *Brick* that *ordinarily* a motion for summary judgment should not be considered while pretrial discovery remains unfinished. The fact remains, however, that it was uncontroverted that Farmway had a security agreement with Melvin Douglas and, further, it was uncontroverted that there was an agreement prior to Melvin's death whereby Farmway was allowed to dispose of the collateral in the manner that it did. Thus, there were no facts pertinent to the issue remaining to be discovered. Facts which remain uncontroverted after a response to a motion for summary judgment has been filed are deemed to be admitted. Rule 141, 235 Kan. cx. Farmway cites us to *Gray v. Ray Gill, Frontier Industries Inc.*, 208 Kan. 95, Syl. ¶ 1, 490 P.2d 615 (1971), wherein it was held:

"When a party makes no suggestion to the trial court of any additional facts tending to support his position, he cannot escape summary judgment, if otherwise proper, on the mere hope that further discovery may reveal evidence favorable to his case."

In view of the uncontroverted facts, we have no hesitation in concluding that the trial court was faced with a question of law to determine, and that it promptly and properly made that determination.

Affirmed.